[No. 5559.]

WILLIAM F. BABCOCK ET AL. v. WILLIAM R. BRIGGS ET AL.

WRIT OF ATTACHMENT.—A writ of attachment will not lie in an action to recover from the defendants money which the plaintiffs entrusted to their clerk, and which the defendants won from him in gambling.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The complaint averred that the plaintiffs were merchants, and had in their employ one Ver Mehr as a clerk, and entrusted him with the collection and possession of large sums of money; and that the defendants kept a gambling establishment; and the said Ver Mehr lost at play at the defendants' establishment, and the defendants won and received from him thirty-five thousand dollars of the plaintiffs' money; and that the plaintiffs demanded the same from the defendants, but the defendants refused to pay the same. The plaintiffs procured a writ of attachment on the complaint, and the defendants moved the Court to discharge the same. The Court granted the motion, and the plaintiffs appealed from the order.

*McAllisters & Bergin*, for the Appellants.

Injured party may waive tort, and sue in assumpsit. (*Fratt v. Clark*, 12 Cal. 90; *Roberts* v. *Evans*, 43 Cal. 382; *Tuite* v. *Wakelee*, 19 Cal. 692; *Caussidiere* v. *Beers*, 2 Keyes, 198; Civil Code, sec. 1621.)

*Cope & Boyd*, for Respondents.

The action is not upon a contract within the meaning of the statute. (Code of Civil Procedure, secs. 537, 538.) The gravamen of the action is a tort—a wrongful conversion of the property and money of the plaintiffs. There is no allegation of any promise or undertaking on the part of the defendants, and the idea of a contract is expressly negatived by the averments of the complaint.

By the COURT:

The facts stated in the complaint do not make a case which would support a writ of attachment under the provisions of the Code of Civil Procedure.

Order affirmed. Remittitur forthwith.