[No. 5433.]

## S. C. V., PEAT FUEL CO. *v.* J. H. L. TUCK.

Failure of Consideration—Attachment upon Implied Contract.—Where a sum of money has been paid upon a consideration which has entirely failed, the law implies a promise to refund it. In such a case there is an implied contract for the direct payment of money, and an attachment will lie.

Appeal from the District Court of the Twentieth Judicial District, Santa Clara County.

This was an attachment suit founded upon the facts stated in the opinion. Upon motion of the defendant, the attachment was dissolved, and the plaintiff appealed.

*Moore, Laine & Leib*, for Appellant.

*S. A. Barker*, for Respondent.

By the Court, Crockett, J.:

The motion to dissolve the attachment was not based on any alleged insufficiency in the affidavit, but on the ground that the

cause of action set forth in the complaint was of such a nature that under the statute no attachment could issue upon it; or, in other words, it was claimed that the facts alleged in the complaint did not state a cause of action "upon a contract, expressed or implied, for the direct payment of money." The substance of the complaint was, that the defendant, by a written contract, (a copy of which was annexed to the complaint) had agreed with the plaintiff to construct a peat machine and its appurtenances within sixty days, at his own expense, and put the same in running order at a point on the San Joaquin River. The contract specifies the machinery, and as a part of it a scow of certain proportions; and the complaint avers that at the time of the execution of the agreement and soon thereafter the plaintiff paid to the defendant in advance, as a part of the contract price, several sums of money, amounting in the aggregate to four hundred and thirty-three dollars and fifty cents, and that though the time for performing the contract by the defendant had elapsed, he had never "built, furnished, or put in running order, any peat or other machinery, * * * * and refused so to do; and said plaintiff has never accepted any machinery from said defendant."

We think this is substantially an averment that the defendant had failed and refused to perform any part of the contract; and the action is to recover the money advanced, on the ground that the consideration upon which it was paid had wholly failed. The authorities appear to be uniform to the effect that where a sum of money has been paid upon a consideration which has entirely failed, the law implies a promise to refund it. On the facts stated in the complaint there was, therefore, an implied contract for the direct payment of money, which brings the case within the very terms of the statute defining the cases in which an attachment may issue.

Order reversed and cause remanded.   Remittitur forthwith.