[No. 8,140. Department Two. — June 28, 1884.]

THOMAS WALKER, RESPONDENT, v. TILLITHA C. McCUSKER, APPELLANT.

ATTACHMENT — CONTRACT EXPRESS OR IMPLIED — STATUTORY LIABILITY. — The liability of a tenant in possession to the purchaser at a foreclosure sale, for rents or use and occupation from the day of sale to the expiration of the time for redemption, is a statutory liability, and exists without the assent of the tenant; it is not a liability founded on a contract express or implied, within the meaning of section 537 of the Code of Civil Procedure, authorizing the issuance of an attachment.

APPEAL from an order of the Superior Court of Monterey County, refusing to dissolve an attachment.

The facts are stated in the opinion of the court.

*N. A. Dorn, T. H. Laine*, and *W. M. R. Parker*, for Appellant.

The demand was not one upon which an attachment could issue; it was an unliquidated demand for damages.

The statute only allows an attachment to issue "in an action upon a contract express or implied for the direct payment of money." (Code Civ. Proc. § 537.)

The contract here was not a *contract for* the direct payment of money as settled by this court. (*Griswold* v. *Sharpe*, 2 Cal. 24; *Hathaway* v. *Davis*, 33 Cal. 167, 168; *Hathaway* v. *Davis*, affirmed in *San Francisco* v. *Brader* 50 Cal. 507; also *Monterey* v. *McKee*, 51 Cal. 255.)

*A. S. Kittredge*, for Respondent.

The respondent's contention is that the statute raises a promise or implied contract on the part of the "tenant in possession" to pay the purchaser at execution sale the value of the use and occupation. This theory finds support in *Carpenter* v. *United States*, 17 Wall. 489; Taylor's Land. and Tenant, § 655; and *Cobb* v. *Kidd, U. S. C. C.*, N. Y. reported in 12 Reporter, 769; where it is held that occupation by permission, without express contract, raises an implied promise or undertaking to pay rent for such occupation. (See also *Van Hook* v. *Whitlock*, 3 Paige, 415; *Henry* v. *Everts*, 30 Cal. 426.)

The COURT. — This action was brought to recover of the defendant, as tenant in possession of real estate purchased by plaintiff on decree of foreclosure and sale, the sum of one thousand two hundred dollars, value of the use and occupation from the day of sale to the making of the deed. The plaintiff sued out a writ of attachment by which property was attached; the defendant moved that the attachment be dissolved; the court below denied the motion, and the appeal from the order of denial is before us.

Section 707 of the Code of Civil Procedure declares that the purchaser, from the time of sale, is entitled to receive from the tenant in possession, the rents of the property sold, or the value of the use and occupation.

The liability of the tenant in possession to the purchaser, for rents or use and occupation from the day of sale to the expiration of the time for redemption, is a statutory liability merely, and exists without the assent of the person in possession. It is not a liability founded on a contract express or implied, within the meaning of section 537 of the Code of Civil Procedure, authorizing the issuance of an attachment.

The order is reversed and the cause is remanded, with instructions to dissolve the attachment.

Hearing in Bank denied.