[Sac. No. 1505.   In Bank.—March 28, 1908.]

## CHARLES SWANSTON and GEORGE SWANSTON, Respondents, v. ANNA E. CLARK, Appellant.

SPECIFIC PERFORMANCE—LEASE WITH OPTION TO PURCHASE—ELECTION TO PURCHASE—REFORMATION.—*Held*, that the complaint as amended states a cause of action for the enforcement of an option to purchase contained in a lease, which plaintiff had elected to exercise during the term, and to reform the lease for mutual mistake, in regard to the improvements, which removed all uncertainty in rela-

tion thereto, though such uncertainty did not make the contract uncertain as an agreement to sell.

ID.—ADEQUACY OF CONSIDERATION FOR OPTION—TERMS OF RENTAL.—The payment of increased rent on account of the option, and the payment of rent in advance for one year, was a sufficient consideration for the option.

ID.—INSUFFICIENT PLEA OF RESCISSION PRIOR TO TENDER—ABSENCE OF OFFER TO COMPENSATE FOR IMPROVEMENTS.—A plea of rescission of the option to purchase prior to the tender of purchase money by plaintiff, is insufficient, where it admitted the making of valuable improvements by the plaintiff and did not offer to compensate the plaintiff therefor, nor show any right of rescission for one or more of the causes enumerated in section 1689 of the Civil Code, or any rescission by consent.

ID.—CROSS-COMPLAINT TO RESCIND FOR MISTAKE AND FRAUD—SUPPORT OF CONTRARY FINDING.—Where the defendant filed a cross-complaint to rescind the contract for mistake as to its contents induced by fraudulent representations of the plaintiff, *held,* that findings to the contrary are supported by the evidence and defendant had no right of rescission.

ID.—MODIFICATION OF JUDGMENT FOR CONVEYANCE—FREEDOM FROM LIENS—POSSESSION OF PLAINTIFF.—Where plaintiff took possession, the contract providing for a conveyance free from all liens but the lease, the judgment should be modified so as not to charge defendant with liens after the date of plaintiff's possession, other than such as were made or suffered by the defendant, as at her instance, or for her benefit.

ID.—LEASE NOT AN ENCUMBRANCE—MERGED IN CONVEYANCE.—The lease being merged in the conveyance provided for by the decree, is not an encumbrance and is not included in the liens to be provided against, in the decree for specific performance.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

William M. Sims, Albert M. Johnson, and Hiram W. Johnson, for Appellant.

L. T. Hatfield, and A. L. Shinn, for Respondents.

SHAW, J.—The record presents appeals from the judgment and from an order denying defendant's motion for a new trial.

The action is to enforce specific performance of a written contract to sell real estate. The complaint was amended four times and there were subsequently two specific amendments allowed to the fourth amended complaint. There is some contention by appellant that the court erred in allowing these amendments and that there was error in overruling demurrers to the several complaints as they existed prior to the last amendment. The propriety of allowing amendments is a question for the trial court and its ruling can be attacked on appeal only for an abuse of discretion. No abuse of discretion appears. The result is that the sufficiency of the complaint before it was finally perfected by the last amendment is immaterial.

The complaint as finally amended states facts sufficient to constitute a cause of action. It alleges the execution of the contract which is set out in full. The contract consists of a lease for five years beginning October 1, 1902, and of an option allowing the lessees to purchase at any time during the term of the lease at a fixed price per acre. It further shows that the plaintiffs, being the lessees, had elected to buy the land in pursuance of the option, had made due tender of the price and demanded the execution of a deed which the defendant refused; that the contract was just, fair, and reasonable as to the defendant and that the price agreed upon was in fair proportion to the value of the property; that two clauses, to which the parties had agreed, to the effect that the plaintiffs were to allow improvements made by them during their possession to remain on the premises, in case they failed to exercise the option and buy, and that plaintiffs should pay the rent for the five years, if they did not sooner exercise the option, were by mutual mistake omitted from the contract, and that by like mistake a clause was inserted giving plaintiffs the right to remove such improvements if they did not purchase. The prayer was for the reformation of the contract and the enforcement of the defendant's agreement to sell. The mistakes alleged related entirely to the rights of the parties in the event that the plaintiffs did not buy under the option, but chose to occupy for the five-year term under the lease. If material to the case at all, it was only for the purpose of showing that the real contract made was fair, just, and reasonable, and, so far as the option was

concerned, supported by a valuable consideration. The facts alleged show the occurrence of a mutual mistake. We do not think there is any ambiguity or uncertainty in the complaint as amended. The contract, as written, was sufficiently certain on its face to support a suit for performance. The ambiguity as to the two repugnant clauses, the one allowing the removal of the improvements, the other requiring that they remain if the option was not exercised, did not make the contract uncertain as an agreement to sell. Furthermore, if it was uncertain in the condition in which it stood as originally executed, the uncertainties were all removed by the reformation which the court directed.

The defendant, in her answer, attempted to allege that the contract had been rescinded by her prior to the tender by the plaintiffs. The demurrer was properly sustained to this part of the answer. It did not aver an offer to repay the plaintiffs the moneys expended by them in improvements on the land, but only to repay the moneys "paid her by them" and "to restore everything received by her under that agreement." The complaint alleges the making of valuable improvements by the plaintiffs on the faith of the option to purchase. This special answer did not deny the making of these improvements and it cannot be said that the improvements had been "received" by the defendant. Hence, the offer to restore, as alleged in the answer, did not include an offer to compensate the plaintiffs for the moneys expended by them in improving the property and was insufficient to accomplish a rescission. Again, a party to a contract cannot rescind at his pleasure, but only for some one or more of the causes enumerated in section 1689 of the Civil Code. One seeking to rescind a contract, or to enforce a rescission which he claims he has effected in the manner provided in section 1691 of the Civil Code, must allege facts showing that he had good right to rescind, and for what cause a rescission had taken place, or that a rescission had been made by consent. (18 Ency. of Plead. & Prac., pp. 802, 803, 804.) The same rule controls where a rescission is averred as a defense. (18 Ency. of Plead. & Prac., p. 844; *Bruck* v. *Tucker,* 42 Cal. 353; *Miller* v. *Fulton,* 47 Cal. 146; *Dorris* v. *Sullivan,* 90 Cal. 286, [27 Pac. 216]; *Kentfield* v. *Hayes,* 57 Cal. 411; *Arguello* v. *Bours,* 67 Cal. 450, [8 Pac. 49]; *Swasey* v. *Adair,* 88 Cal.

182, [25 Pac. 1119].) The special defense does not aver any facts in regard to defendant's right to rescind and does not show a rescission by consent. It is therefore insufficient.

The court did not err in adjudging that the defendant should convey the land free from all liens and encumbrances. The contract provided that she should convey it free from all liens and encumbrances, "except such as may be created by the terms of this instrument as a lease of said premises." The conveyance of the property to the plaintiffs in fee would effect a complete merger of the two estates, and the lease would not thereafter be an encumbrance. The execution of the deed by the defendant would be a complete performance so far as the lease was concerned. The contract, as reformed, did not contemplate or provide that she should retain any right or interest under the lease after she had conveyed in pursuance of the option, even if it did not have that effect before reformation. The lease, therefore, did not constitute an encumbrance within the scope of the covenants in a grant deed. We cannot, upon these appeals, take notice of any liens for reclamation district taxes that may have accrued after the trial. The defendant, it may be observed, could have escaped that liability at any time by performing before the liens accrued. The statement in the record relating to the motion made by defendant to amend the judgment so as to except such liens, and the order denying the same, show that the judgment was entered before the motion and order were made. It was therefore an order made after final judgment and it cannot be reviewed on appeal from the judgment itself. The defendant did not appeal from the order. As to the liens for ordinary taxes, which may be presumed to have accrued between the time of plaintiffs' tender, in January, 1903, and the date of the entry of the judgment, in January, 1905, it is sufficient to say that the defendant, having refused to accept the money and make the deed as the judgment declares she should have done, is in no position to complain of the consequence of her own breach of contract.

After the last amendment of the complaint, defendant filed a cross-complaint to rescind and cancel the contract, as signed, on the ground that it was executed under a mistake as to its contents, induced by fraudulent representations of the plaintiffs. The mistakes so alleged were not the same as those

alleged in the amended complaint. Certain other conditions, it was alleged, were intended to have been inserted in the contract, but were omitted because of the fraudulent misrepresentations of the plaintiffs and the mistake of the defendant caused thereby. The court found that these allegations of the cross-complaint as to fraud and mistake were untrue, and the finding is sustained by the evidence. As it thus appears that there was no just ground for the rescission asked for, it is immaterial whether the court was right or wrong in its rulings concerning the admission of evidence relating to the circumstances attending the service of the notice of rescission. The notice itself was introduced in evidence and the time of its service was shown without conflict. This also disposes of the objection that the plaintiffs' offer of performance was made after the notice of rescission was served. As the cause of rescission as alleged did not exist, the defendant had no right to rescind and her attempt to do so did not affect the right of the plaintiffs to have specific performance.

Prior to the execution of the contract, the plaintiffs were occupying the lands under a previous lease, which, by its terms, did not expire until January 1, 1903. Inasmuch as there was no cause shown for a rescission, the plaintiffs had the whole of the term in which to exercise their option, and the question whether they were technically in possession of the premises under the new lease immediately upon its execution, or whether they continued to hold under the old lease until October 1, 1902, when the new term was to begin, is entirely immaterial. The new lease provided that the plaintiffs should have immediate possession, and could make any use of the land they saw fit. The prior lease forbids any waste or alterations without the lessor's consent. The plaintiffs, immediately after the execution of the new lease, and because of their having procured the option to purchase, began certain improvements which they would not have made under the old lease. They had the right to do this in reliance on the contract, and if the defendant desired to rescind the contract, and had the right to do so, she would have been required to compensate them for the improvements thus made.

In October, 1903, while the case was on trial and before the last amendment to the complaint was proposed or filed, the court refused to allow the defendant to introduce evidence

CLIII Cal.—20

relating to a mistake in the terms of the agreement. This was not error. At that time, so far as the record shows, there was no issue upon the subject of mistake and the evidence was irrelevant.

The claim that there was no sufficient consideration to support the option, as a contract, is not sustainable. There was evidence to the effect that the plaintiffs agreed to pay rent at a higher rate than they considered it worth, because of the fact that they were obtaining an option. This rent was paid for one year in advance, the rent for the last three months of the old lease was canceled, and the rent accruing under the old lease from July 1 to October 1, 1902, although not due until January 1, 1903, was paid at the time of the execution of the new lease. All this constituted a sufficient consideration for the option.

Many other assignments of error are made by the appellant which are included in and disposed of by the foregoing conclusions. Other errors are urged but they are of so trivial a nature that we do not think it necessary to discuss them. They could not under any circumstances have been injurious to the defendant.

The judgment and order are affirmed.

Angellotti, J., Sloss, J., Henshaw, J., Lorigan, J., and McFarland, J., concurred.

A rehearing was denied, and the following modification in the decree was ordered by the court on petition for rehearing April 27, 1908:—

THE COURT.—Upon further consideration of this cause, pending an application for rehearing, we are of the opinion that, inasmuch as the plaintiffs, ever since January 14, 1903, have been in possession of the land, receiving all income, use, and profit thereof and being under no obligation to pay rent to the defendant after that date, it would not be equitable to compel the defendant to pay the taxes and other encumbrances created since that date and not made or suffered by her, or at her instance, or for her benefit. (See *Miller* v. *Corey*, 15 Iowa, 166; *Farber* v. *Purdy*, 69 Mo. 601; *Hall* v. *Denckla*, 28 Ark. 515; *Pomeroy* v. *Bell*, 118 Cal. 635, [50 Pac. 683]; *Miller* v. *Waddingham*, 91 Cal. 381, [27 Pac. 750].)

The opinion hereinbefore rendered, so far as it is contrary to this conclusion, is, to that extent, modified.

The judgment of the court below is modified by altering the clause providing for the execution of a deed by the defendant so that said clause shall read as follows: "Within fifteen days after notice of the entry of this decree make, execute and deliver to the plaintiffs, or to the clerk of the superior court for the plaintiffs, a deed conveying to the plaintiffs, their heirs and assigns, the premises hereinafter described, free from all liens and encumbrances *existing upon or against the same on January 14, 1903, or created thereafter by the defendant, or at her instance, or for her benefit.*"

As thus modified, and in all other respects, the judgment is affirmed. The appellant shall not recover costs of appeal herein.