[L. A. No. 10709. In Bank.—December 24, 1930.]

JOHN S. HULL, Respondent, v. CARL RAY, Appellant.

Scarborough, Forgy & Reinhaus and Forgy, Reinhaus & Forgy for Appellant.

Sloane & Sloane, M. B. Wellington and Harrison O. Sloane for Respondent.

SEAWELL, J.—This appeal is taken from a judgment entered in favor of plaintiff and respondent whereby a sale of twenty head of Jersey cattle made to respondent by appellant for a consideration of $3,500 was adjudged rescinded. The respondent's offer to restore said cattle to the possession of appellant was rejected by him, and said cattle were subsequently sold by respondent for a sum less than the accrued charges incurred for their care and keep.

This case received the attention of the District Court of Appeal some time ago (*Hull* v. *Ray*, 80 Cal. App. 284 [251 Pac. 810]), where the facts are quite fully set forth. The law as therein declared is the law of the case. Judgment went for appellant herein, and a reversal was ordered be-

cause of irreconcilable findings on certain issues which in nowise affect the merits of the instant appeal.

All of said cattle appear to have been blooded stock and to have been registered, except four. The court held upon the first appeal, in construing the contracts of the parties, which consisted of two instruments, that the appellant failed and refused to deliver a bill of sale of said stock to respondent transferring said four unregistered head of cattle and failed and refused to deliver written warranty of title to any of said property sold, and that said failure and refusal constituted a breach of contract and furnished grounds for rescission by respondent pursuant to section 1689 of the Civil Code. The court also held that respondent's claim that the failure or refusal of appellant to procure the transfer of registration of the blooded cattle upon the books of the American Jersey Cattle Club constituted grounds of rescission was untenable. The cause was retried and judgment went for respondent. Upon appeal to the District Court of Appeal, Third Appellate District, the judgment was reversed and the cause comes to this court upon an order of transfer. The principal reason for said transfer was to give further consideration to the conclusion reached by the learned author of the opinion to the effect that the notice of rescission was insufficient to support the action of rescission. The District Court of Appeal, upon a second consideration of the case, again found that the bill of sale and warranty of title were not executed; that respondent had fully performed all of the covenants on his part and had orally demanded of the appellant the delivery of the stipulated instruments, which demand was refused, and at the same time he offered to restore the cattle to appellant and attempted to rescind the contract. Pursuant to his purpose, respondent served upon the appellant a written notice of rescission containing the following language: "You will please be advised that John S. Hull does hereby rescind that certain contract of sale . . . [describing the same]. This rescission is made by reason of the failure of said Carl Ray to deliver to the said John S. Hull a certificate of the American Jersey Cattle Club, showing transfer of the said cattle, and by reason of the said Carl Ray's failure to correctly certify to the date of service to certain of said cattle."

The notice fails to mention the appellant's failure to execute or deliver said bill of sale and warranty of title.

The trial court found that the contract was rescinded by the respondent on May 5, 1923, together with an offer to restore. The first sentence of the notice would have been sufficient on the question of rescission had the respondent not undertaken to specify the grounds of rescission. Inasmuch as he specified certain grounds which were not sufficient grounds and failed to specifically state the obvious grounds, to wit, failure to deliver or tender a good and sufficient bill of sale and warranty of title, the District Court of Appeal held the notice to be misleading and tending to deceive the adverse party and prevent him from defending the action on its merits.

We are aware that courts have in some species of transactions restricted the party specifically naming certain grounds of objections to proof of the grounds so named. The rule, however, is not to be strictly enforced in cases where a general clause, which would of itself be sufficient to grant relief if standing alone, is followed by untenable specific objections which may be treated as surplusage to the end that the cause may be decided on its merits; and further, if, as a matter of fact, the adversary has been informed, both by correspondence and by the allegations of the complaint filed against him, as in this case, as to the real grounds upon which the rescission is made, he is not misled as to the defense he is called upon to make. The supplemental and amended complaint to which answer was made without objection by demurrer or otherwise, squarely presented the issues as to the refusal to execute and deliver said bill of sale together with warranty of title. We think the rule stated in *Simmons* v. *Briggs,* 69 Cal. App. 447 [231 Pac. 604, 610], may here well be invoked in the light of the facts of the instant case. It is there said:

"The allegation as to the notice of rescission is not as certain and clear as it might have been made. In *McNeese* v. *McNeese,* 190 Cal. 402, 405 [213 Pac. 36, 38], it is said: 'It is not necessary that the notice to rescind shall be formal and explicit; it is sufficient that notice shall be given to the other party which clearly shows the intention of the person rescinding to consider the contract at an end. It has been

held in other states that the mere bringing of an action is a sufficient disaffirmance of a sale.' "

There can be no doubt as to the intention of the respondent herein to consider the contract at an end. Neither can there be any doubt as to appellant's knowledge before suit filed and later by the complaint, that failure to execute and deliver said bill of sale and warranty of title would be relied upon as grounds for rescission, in addition to the insufficient ground set forth in the notice. We cannot see, in the circumstances of the instant case, that appellant suffered the slightest injury or prejudice by the inartfully drawn notice of respondent, which unmistakably expressed respondent's intention of rescinding the sale.

This brings us to the second branch of the case. The complaint further alleges that appellant's refusal to accept the return of the cattle made it obligatory upon him to feed and care for the same at an expense of $850, and appellant having refused to reimburse him therefor, he exercised the right of an agister and sold the same at public sale on or about December, 1924, to satisfy his lien thereon, as provided by section 3052 of the Civil Code. By a supplemental pleading the expenses of caring for and feeding said cattle since suit filed to the day of sale were alleged to have amounted to $2,191.66. The cattle were purchased at said sale by respondent's wife at the price of $154, and were subsequently resold by her at private sale at prices aggregating a sum considerably in advance of the public sale price, but in no event sufficient to pay the charge of $2,191.66. No deficiency judgment was prayed for, and consequently none was awarded. The answer denies, *inter alia,* that said cattle were sold in accordance with legal proceedings.

There was much doubt in the mind of the trial court, shared by counsel for appellant at the trial, as to whether the validity of the sale and the items constituting the lien claim for feeding and caring for said cattle were triable in said action for rescission. The court seemed to be of the view that the expense of feeding and caring for the stock and the sale thereof to reimburse the respondent for his outlay was admissible only to excuse the inability of respondent to make delivery at the close of the trial, as they had passed out of his possession and into the possession of their pur-

chasers. The pleadings expressly made the legality of sale and fairness of the lien claim issues in the case. Certainly, too, the issues were incidentally involved, and the parties should not be required to litigate issues in a separate action which are so closely correlated to the main issue as were said questions in the instant case. The court did find, after hearing considerable evidence on the issue, that the respondent was entitled to a lien, and that after proceedings had in accordance with law said cattle were sold, except one head thereof, in satisfaction of his lien, but the proceeds of such sale were insufficient to pay the amount of respondent's lien. The sources of evidence seem to have been exhausted as to the subject matter, and there seems to be no reasonable probability that appellant can or could have refuted the evidence which tends to show that the lien sale price of said cattle was far below the costs of feeding and caring for said stock, which extended over a period of some eighteen or twenty months. Appellant had ample opportunity to produce such witnesses, if any there were, to rebut this testimony, but chose not to do so. This case has been twice tried and has been before three appellate courts. One of the parties is bound to sustain a loss. The respondent has paid to the appellant $3,500 for twenty head of cattle of questionable comparative value. Appellant, on the other hand, stands to lose his herd of twenty head. The trial court upon a full hearing determined the issues in favor of respondent. We feel satisfied that the evidence, by reason of the source from which it must be obtained, has been fully exploited and that a resubmission of the issues of feeding and caring for said cattle would rather add to the already heavy burdens of the appellant than lighten them.

No other questions are raised which seriously affect the judgment.

Judgment affirmed.

Richards, J., Shenk, J., Waste, C. J., Curtis, J., Preston, J., and Langdon, J., concurred.

Rehearing denied.