[Civ. No. 366. Fourth Appellate District.—May 14, 1931.]

LUCIUS POWERS, Appellant, v. HERBERT R. FREELAND et al., Respondents.

Lucius Powers, Jr., and Conley, Conley & Conley for Appellant.

Everts, Ewing, Wild & Everts, Dan F. Conway and T. S. Magee for Respondents.

JENNINGS, J.—Plaintiff appeals from an order of the superior court dissolving a writ of attachment theretofore made by said court.

The affidavit of appellant upon which the writ of attachment issued recites that respondents are indebted to appel-

lant in the sum of $10,116.67 upon an express contract for the direct payment of money, to wit, payment of money due appellant from respondents according to the terms of a certain contract made on January 4, 1930. The complaint in the action alleges three causes of action. The first cause of action is for money had and received and alleges that respondents received the sum of $10,000 for the use and benefit of appellant on March 6, 1930. The second cause of action alleges that on January 4, 1930, appellant entered into ʻa contract with respondent Freeland for the purchase by appellant of 2,020 shares of class A common stock of the Hollywood Dry Corporation, which the seller represented had a book value of $6.50 per share; that appellant gave in payment for said stock his promissory note in the sum of $10,000, and received a stock certificate for 2,020 shares of stock in the corporation aforesaid; that on March 6, 1930, appellant paid the principal amount of the note and interest; that the stock thus purchased by appellant on January 4, 1930, had a book value much less than the amount represented on said date and appellant is informed and believes the stock was on said date worth less and had no book value whatsoever; that by reason of such facts there was a total failure of consideration; that there was a further failure of consideration in that the stock was made non-negotiable and non-transferable, which was not known by appellant at the time of purchase and which was a material breach of the contract to deliver unencumbered negotiable stock resulting in a total failure of consideration; that immediately upon discovering the true facts appellant offered to return to respondents the stock and a cash dividend of 12½ cents per share received by appellant on February 26, 1930, and demanded the return of the purchase price and interest paid by him. The third cause of action sets out somewhat more specifically the manner in which it is alleged the appellant was induced to enter into the contract for the purchase of the stock through false and fraudulent representations of respondents as to the solvency and financial condition of the Hollywood Dry Corporation, and that dividends had been paid by it on its common stock during the preceding year, whereas the corporation was in fact insolvent and its stock entirely worthless. There is also contained in the third cause of action an allegation that appellant had, upon

discovery of the true facts, tendered back to respondents the shares of stock, together with a cash dividend of $252.46 and demanded a rescission of the contract and a return of the purchase price.

It is obvious and so recognized by counsel for both parties herein that the important and primary problem here presented has to do with the character of the action, since under our statute the provisional remedy of attachment is available only where the action is one based upon a contract for the direct payment of money. (Secs. 537 and 538, Code Civ. Proc.) In arriving at a determination of this primary problem the allegations of the complaint in addition to the averments contained in the affidavit for attachment are informative. The complaint is treated as an affidavit in a proceeding to dissolve an attachment (*San Francisco Iron & Metal Co.* v. *Abraham,* 211 Cal. 552 [296 Pac. 82]). Indeed, in the instant case the allegations of the complaint are of vital importance since the record discloses that at the time the motion for dissolution of the attachment was presented to the court no evidence other that the affidavit and the complaint was offered. A careful analysis of the complaint in the present action is therefore proper.

In entering upon such an analysis, it may be observed that it is the substance of the cause of action which is important rather than its form. This must be true, for if the cause of action is one that in reality sounds in tort the remedy of attachment, which is purely statutory, is not available to a complainant under our statutes and the statutory inhibition may not be overcome by pleading a cause of action, which is really one in tort, as one sounding in contract (*San Francisco Iron & Metal Co.* v. *Abraham, supra;* 2 R. C. L., sec. 18, p. 815). Bearing in mind this elementary principle it would seem that the second and third causes of action in appellant's complaint sound in tort rather than in contract for, in the final analysis, the gist of both of them is that appellant was defrauded by the false and fraudulent representations respecting the value of the stock and the solvency of the corporation which are alleged to have been made by respondents and which induced appellant to purchase the stock. It is, however, urged that, since the first cause of action is for money

had and received, it is sufficient to support the issuance of the writ even though it may be held that the second and third causes of action sound in tort, for it is contended that the law imposes an implied promise to pay money received for the use and benefit of another. ▮ But, where a cause of action for money had and received is joined to other causes of action which sound in tort and there can be no doubt that they are identical arising out of the same transaction, the nature of the action is to be determined not by the general allegations of the count for money had and received, but by the more specific allegations contained in the other counts wherein the real character of the action appears with greater certainty. A comparison of the general count for money had and received with the second and third counts of the complaint on file herein indicates that the three causes of action arise out of the same transaction. The amount of money sought is the same and the date on which it is alleged in the first count that the money was received for the use and benefit of appellant is the same date on which it is alleged in the second and third counts the appellant paid off in cash the promissory note he had originally given for the shares of stock.

▮ The principal contention of appellant is that there has been an entire failure of consideration by reason of the fact that the stock which he agreed to purchase was entirely worthless and that the law implies a promise on the part of respondents to repay the purchase price. The decisions are clear to this effect. But in order to invoke this salutary principle, a total failure of consideration must appear from the allegations of the complaint. In the instant case it is true that a liberal construction of the allegations of the second and third causes of action indicates the statement of a claim that the stock was entirely without value notwithstanding the presence of some ambiguous language to the effect that the stock was worth less than it had been represented. However, it does clearly appear from the complaint that appellant received a cash dividend of 12½ cents per share, a fact not consistent with a claim of entire lack of value. It seems to be conceded by counsel that, in order to establish a cause of action based on contract under the circumstances appearing in the instant case, there must be a total failure of consideration. Numerous well-considered

decisions of our courts of last resort sustain this proposition. (*Santa Clara Valley Peat Fuel Co.* v. *Tuck,* 53 Cal. 304; *Mahoney* v. *Standard Gas Engine Co.,* 187 Cal. 399 [202 Pac. 146]; *Doud* v. *Jackson,* 102 Cal. App. 213 [283 Pac. 107].)

In *Doud* v. *Jackson, supra,* the court in its decision uses the following language:

"It is true, as argued by appellant, that an implied contract to repay money received under a transaction where the consideration has entirely failed is sometimes recognized as a contract for the direct payment of money, which will serve as a basis for attachment proceedings.

"But we think this application of the law must be confined to cases where nothing has been received in consideration for the amount sought to be recovered and where the damages may be said to be liquidated and definitely ascertainable under the facts shown."

The single cause of action set out in appellant's complaint which sounds in contract is the count for money had and received. But the implied promise to repay the money paid for the stock rests upon the hypothesis that the consideration for the payment of the purchase price has totally failed. If then it appears that the stock was not valueless, even though its value may have been less than it was represented to be, a necessary element of the cause of action for money had and received is lacking. The allegations in the second and third counts of the complaint which admit the receipt by appellant of cash dividends show that the stock had value and negative the hypothesis upon which the count for money had and received must be based.

■ Appellant also contends that respondents' notice of motion to discharge the attachment was defective because it stated that the motion would be made on the ground that the attachment was improperly issued in that the causes of action alleged in the complaint were insufficient to bring the claim sued upon within the provisions of sections 537 and 538 of the Code of Civil Procedure and for the further reason that all of the alleged causes of action arose out of the same transaction and were causes of action arising *ex delicto.* It is urged that unless the court can construe that which is set out as a further *reason* for dissolving the writ of attachment to be an additional *ground* for dissolution

the notice of motion is fatally defective as being too general. We think the plain meaning of the language used, to wit, "further reason" is "further or additional ground" and properly called attention to what we consider to be the reason why the present action is not one of a character in which the remedy of attachment is available.

The determination of the principal question here involved, that the action is in reality a tort action rather than one based on contract, renders it unnecessary to consider other points urged by respondents.

The order appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 5, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 13, 1931.

Preston, J., dissented.