[Civ. No. 518. Fourth Appellate District.—October 23, 1931.]

A. MAUSS et al., Respondents, v. H. KATO et al., Appellants.

664

J. Marion Wright for Appellants.

Charles H. Clark and Everett R. James for Respondents.

BARNARD, P. J.—In December, 1924, the defendants sold to the plaintiffs a going business in Hollywood, including certain fixtures, stock in trade, and a lease of a space in a public market. This lease was a sublease from a party who in turn had leased the property from the owner. This lease was assigned to the plaintiffs, who obtained the consent of the sublessor to the assignment. The defendants had previously paid $600 to their lessor as advance payment of the rent for the last two months of the sublease. Plaintiffs paid to the defendants $2,900 for the business, including the stock in trade, the fixtures, the lease and the advance payment of rent. The defendants gave to the plaintiffs a ''bill of sale'' covering the lease, stock and fixtures in which they agreed to ''warrant and defend the title to the said property, goods and chattels hereby conveyed, against the just and lawful claims and demands of all persons whomsoever''. The plaintiffs took possession, paid the rent to the sublessor, secured additional space, remodeled the fixtures, and continued in business for about two years and six months. They then received a letter from a referee in bankruptcy purporting to represent the original lessor of the premises, requiring them to vacate. They then went to the defendants offering to surrender the business as it then was, and demanding a return of the $2,900 paid. The offer not being accepted, they tore out the fixtures, sold what they had left, and brought

this action to recover the $2,900. The complaint as filed was in two counts, the first of which was for money had and received. The second count, while inartificially drawn, attempted to set up a rescission. It failed, however, to allege that the plaintiffs had returned or offered to return what they had received. A demurrer to the second count was sustained and the action went to trial upon the first count, as answered, resulting in a judgment for the plaintiffs for $2,900. From this judgment the defendants have appealed.

It is apparent that the claim of respondents, if any they have, is for damages for a breach of the written warranty contained in the bill of sale. On the other hand, the complaint is not based upon a claim for damages, and counsel for respondents stated in open court that they were not seeking damages. ■ An action for money had and received will lie when the property received is so entirely worthless that the law will imply a promise to repay the purchase price, but in order to bring a plaintiff within that rule, a total failure of consideration must appear. (*Powers* v. *Freeland*, 114 Cal. App. 146 [299 Pac. 736].) ■ It is hardly necessary to say that no total failure of consideration here appears. Assuming that an action for money had and received will also lie in case of a partial failure of consideration, this would be true only where the partial failure is as to a precise and definite part which is capable of being ascertained by computation, and in such a case, only the corresponding part of the money paid could be recovered. No such a situation here appears. The evidence shows that the respondents received merchandise of the value of $560; that they received certain fixtures and furniture, the value of which does not appear; that they received the use of such furniture and fixtures for approximately two years and six months, there being nothing to show the value of this use; and that they had the possession of the premises and the benefits of the lease for the same length of time, with nothing to show the value of the same. The evidence also fails to show whether the $600 advance rent paid was returned to respondents, or why it was not, if that was the case. The court made no finding as to the value of any of these things received by the respondents. While the court made a finding that the respondents lost all that they received, there is no evidence to support such a finding.

Neither the findings nor the evidence support the judgment. While respondents apparently rely in part upon the claim of rescission, their own testimony was to the effect that they offered back what they had left when they were notified to vacate the premises.

An action for money had and received is in the nature of an equitable action. (17 Cal. Jur. 603, and cases cited.) It has been frequently pointed out that the basis of the action is that the defendant has money which in equity and good conscience he ought to pay to the plaintiff. In the case before us, although the respondents received all of the property purchased, had the full and complete use of it all for two and one-half years, and at most only failed to keep the benefit of a part of one item, all that was received by them is ignored in the findings and judgment and they have recovered a judgment for the return of the full purchase price. So far as this record shows, there is nothing equitable in such a situation. While respondents argue that the court must have had in mind that they lost enough in damages through the loss of the unexpired term of the lease to offset all that they had received, such a theory is supported neither by the evidence, the findings or the pleadings.

The judgment must be reversed, and if the action is to be again tried it should be under revised pleadings which will permit the claim of appellants' liability under the terms of the warranty set forth in the bill of sale to be properly presented and passed upon.

The judgment is reversed and the action remanded for a new trial.

Marks, J., and Jennings, J., concurred.