[L. A. No. 12853. In Bank.—November 2, 1931.]

WALLACE E. C. STONE et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Henry Merton for Petitioners.

Everett W. Mattoon, County Counsel, S. V. O. Prichard, Deputy County Counsel, and A. G. Ritter for Respondents.

RICHARDS, J. — The petitioners apply for a writ of *mandamus* to compel the Superior Court in and for the County of Los Angeles, respondent herein, to make and enter its order granting the motion of the petitioners to

discharge an attachment issued in an action pending in said court, entitled *Grace Thorndike, Plaintiff,* v. *Wallace E. C. Stone and Joseph Wright, Defendants.*

The complaint of the plaintiff in said action was in two counts, in the first count of which she alleged that she had been induced to purchase certain shares of stock from said defendants by certain alleged false and fraudulent misrepresentations, made by said defendants with intent to cheat, deceive and defraud said plaintiff; that said stock was of no value; that upon discovery of the fraud, she had given notice of rescission and had offered to return said stock, and had demanded back the consideration, which defendants refused to return.

The second count in plaintiff's said complaint was in the form of an action for money had and received. It is conceded, however, that the cause of action set forth in each of said counts is the same.

Upon the filing of the complaint in said action, the plaintiff therein sought and obtained a writ of attachment and caused the same to be levied upon the property of the defendant Stone, whereupon the defendant appeared in said action and moved the court, upon due and proper notice, for an order discharging said writ of attachment. Accompanying the notice of motion was the affidavit of said Stone to the effect that said writ of attachment was not based upon any contract express or implied, existing between the plaintiff and said defendants, for the direct payment of money, either made or payable in the state of California or otherwise or at all, as required by section 537 of the Code of Civil Procedure.

The trial court denied the defendants' said motion, whereupon defendants have applied to this court for a writ of mandate to compel the trial court to make its order granting their motion to discharge.

We are of the opinion that this is a proper case for the issuance of said writ.

The first count in the plaintiff's complaint in said action clearly and unmistakably set forth a cause of action for equitable relief arising out of a transaction which she had been induced to enter into by certain false and fraudulent misrepresentations of the defendants in said action, which are set forth with much detail in the first count of her com-

plaint, and upon which she based the exercise of her right of rescission and her right to a recovery of the money or property with which she had parted as a result of said false and fraudulent misrepresentations.

The cause of action thus set forth was essentially an action sounding in fraud and deceit and based upon her rescission of the transaction between herself and said defendants, undertaken by her upon the discovery of said fraud and deceit. Had the plaintiff's complaint contained this first count only, it would seem to be beyond question that the plaintiff would not have been entitled to the issuance of a writ of attachment thereon.

In the case of *Hallidie* v. *Enginger*, 175 Cal. 505 [166 Pac. 1], it was held by this court that, under the provisions of section 537 of the Code of Civil Procedure, which limits writs of attachment to actions arising on contracts express or implied for the recovery of money only, the attachment cannot be issued in an action brought by plaintiff as trustee for the stockholders of a corporation which had forfeited its charter, to recover from the defendant the sums of money derived from proceeds of sales of stock through false representations, since the action would be an action *ex delicto* for fraud and not an action upon an implied contract for the direct payment of money. The court in that case indulged in an exhaustive review of the cases involving the distinction between actions *ex contractu* and *ex delicto,* and cites as authority for its holding certain earlier decisions of this court to the same effect. (*Babcock* v. *Briggs,* 52 Cal. 502; *Walker* v. *McCusker,* 65 Cal. 360 [4 Pac. 206]; *Mudge* v. *Steinhart,* 78 Cal. 34 [12 Am. St. Rep. 17]; *Bechtel* v. *Chase,* 156 Cal. 711 [106 Pac. 81].)

The fact that the plaintiff's complaint in the case of *Thorndike* v. *Stone et al.* contained two counts and that the second count therein was in the form of a common count for money had and received cannot be held to change the situation or to entitle the plaintiff to the issuance of a writ of attachment in said action, since her cause of action is admittedly the same in each count and is founded upon the facts set forth in detail in the first count of her complaint, from which it clearly appears that her only cause of action is one founded upon the defendants' alleged fraud and deceit.

The case of *San Francisco Iron & Metal Co.* v. *Abraham et al.*, 211 Cal. 552 [296 Pac. 82], would seem to be precisely in point as applied to the above situation. The plaintiff's complaint in that action was in two counts. The first count specifically pleaded a cause of action based upon fraud and deceit. The second count pleaded a cause of action for moneys had and received. The defendants applied for and received an order discharging an attachment which the plaintiff had caused to be issued. The plaintiff appealed from said order, but without avail. This court affirmed said order upon the authority of the case of *Hallidie* v. *Enginger, supra,* and upon the foregoing line of authorities, upon which that decision was based.

The fact that the plaintiff in the Abraham case did not seek to rescind the contract alleged to have been fraudulently obtained is an immaterial circumstance not affecting the cause of action upon which the plaintiff sought to recover in two counts, but which, as the court aptly pointed out, were but different methods of pleading one transaction.

The case of *Powers* v. *Freeland,* 114 Cal. App. 146 [299 Pac. 736, 737], is also precisely in point. In that case, also, the plaintiff's complaint contained several counts, one of which was in the form of an action for money had and received. With respect to that phase of the case, the appellate court, in affirming the order dissolving the attachment, said: " . . . where a cause of action for money had and received is joined to other causes of action which sound in tort and there can be no doubt that they are identical arising out of the same transaction, the nature of the action is to be determined not by the general allegations of the count for money had and received, but by the more specific allegations contained in the other counts wherein the real character of the action appears with greater certainty".

From the foregoing review of the authorities, it would seem to be clear that the plaintiff's real cause of action in the case of *Thorndike* v. *Stone* was an action sounding in fraud and deceit and that to such a cause of action the provisions of section 537 of the Code of Civil Procedure, providing for the issuance of writs of attachment in proper cases, can be given no application.

It follows that the petitioners herein are entitled to the issuance of a writ of mandate to compel the superior court,

respondent herein, to discharge the writ of attachment illegally issued by it in said action.

Let the writ issue as prayed for.

Shenk, J., Curtis, J., and Waste, C. J., concurred.

LANGDON, J., Dissenting.—I dissent. The effect of the majority opinion is to disregard settled principles of law and to overrule many well-considered cases. It has been held on numerous occasions by this court, as well as by the District Court of Appeal, that rescission is complete upon the giving of notice and the offer to restore the consideration received. The decisions are reviewed in *McNeese* v. *McNeese*, 190 Cal. 402 [213 Pac. 36, 37], where Mr. Justice Lennon says (p. 404) : ''The interposition of a court of equity to set the contract aside was not necessary to rescission. A contract may be rescinded by the act of the party entitled and desiring to rescind. It is well recognized that sections 1688, 1689 and 1691 of the Civil Code provide for rescission effected by the act of the parties.'' To the same effect, see *Ito* v. *Watanabe*, 213 Cal. 487 [2 Pac. (2d) 799] ; *Hull* v. *Ray*, 211 Cal. 164 [294 Pac. 700] ; *Hogberg* v. *Landfield*, 99 Cal. App. 360 [278 Pac. 907] ; *House* v. *Piercy*, 181 Cal. 247, 251 [283 Pac. 807] ; *Prewitt* v. *Sunnymead Orchard Co.*, 189 Cal. 723, 732 [209 Pac. 995] ; *Swanston* v. *Clark*, 153 Cal. 300, 303 [95 Pac. 1117] ; *Lemle* v. *Barry*, 181 Cal. 1, 5 [183 Pac. 150] ; *American Type Founders' Co.* v. *Packer*, 130 Cal. 459 [62 Pac. 744] ; *Winkler* v. *Jerrue*, 20 Cal. App. 555, 561 [129 Pac. 804] ; *Loaiza* v. *Superior Court*, 85 Cal. 11, 31 [20 Am. St. Rep. 197, 9 L. R. A. 316, 24 Pac. 707]. It is likewise well settled that upon such rescission, there is an obligation implied by law to return the money paid. See, in addition to the above cases, *Fitzhugh* v. *University Realty Co.*, 46 Cal. App. 198 [188 Pac. 1023] ; *Hammond* v. *Ocean Shore Development Co.*, 22 Cal. App. 167, 172 [133 Pac. 978] ; *Orton* v. *Privett*, 202 Cal. 754 [262 Pac. 713] ; *Macowsky* v. *Irvine*, 71 Cal. App. 77 [234 Pac. 839]. The majority opinion apparently holds that the mere pleading of facts showing fraud in the inducement of the agreement avoids the effect of these doctrines, and in so holding it directly contradicts express language in those cases as well as in the cases chiefly relied upon in the opinion,

namely, *San Francisco Iron & Metal Co.* v. *Abraham,* 211 Cal. 552 [296 Pac. 82], and *Powers* v. *Freeland,* 114 Cal. App. 146 [299 Pac. 736]. Furthermore, it repudiates the principles set forth in the leading case of *Willett & Burr* v. *Alpert,* 181 Cal. 652 [185 Pac. 976].

There is no uncertainty in the principles which apply to the situation presented by this case. The complaint alleges that plaintiff entered into a contract with defendant, for the transfer of certain property. It also alleges two distinct grounds for rescission: Fraudulent misrepresentations and total failure of consideration. (Cal. Civ. Code, sec. 1689.) Plaintiff might have elected to sue for damages for the deceit, but instead contented herself with rescission, and suit for recovery of the money paid. These alternative remedies have always been recognized by the courts of this state. (See *Paolini* v. *Sulprizio,* 201 Cal. 683 [258 Pac. 380]; *Fitzhugh* v. *University Realty Co.,* 46 Cal. App. 198 [188 Pac. 1023].) Our statutes, indeed, make specific provision for them. Fraud which induces the execution of a contract gives rise to an action in tort for deceit in which damages are recoverable (Cal. Civ. Code, sec. 1709), but it also prevents the necessary mutual assent and is ground for rescission. (Cal. Civ. Code, sec. 1689.) The complaint in the instant case leaves no doubt as to which remedy was chosen. Plaintiff alleges facts showing that the foundation was laid for rescission by notice and offer to restore the stock; and she seeks the return of the money she paid. It is impossible to construe this as anything but an action to recover money paid under a contract, based upon a rescission of the contract. It is not, as the majority opinion states, an action for "equitable relief", nor is it an action "sounding in fraud and deceit". Regardless of which count is viewed, it is an action on implied contract.

The cases cited in the majority opinion are in complete harmony with this view. *Hallidie* v. *Enginger,* 175 Cal. 505 [166 Pac. 1, 3], was, as the court described it (p. 509): "An action *ex delicto* for fraud. At common law it would have been an action of trespass on the case for damages for deceit. . . . That it is such an action no doubt can be entertained." There was no allegation of a prior rescission of the contract, and the suit was not brought to rescind. Obviously, there could not in such a case be an implied con-

tract to constitute the basis for an attachment. The decisions relied upon in the Hallidie case, and cited in the majority opinion, are likewise inapplicable. In *Babcock* v. *Briggs*, 52 Cal. 502, plaintiffs entrusted money to their clerk, and he lost it at cards to the defendants. The court summarily held that no attachment could lie on these facts, apparently because the action was in tort, for conversion. There was no contract, and the attempt to "waive the tort" was not a valid means of securing the benefits of the attachment statute. This principle is reaffirmed in *San Francisco Iron & Metal Co.* v. *Abraham, supra,* but it has nothing to do with a situation where, as here, the remedy in tort is not waived, but the alternative remedy of rescission and recovery of consideration on implied contract is selected. *Walker* v. *McCusker*, 65 Cal. 360 [4 Pac. 206], held that the liability of a tenant in possession of real estate, to the purchaser at a foreclosure sale, "is a statutory liability merely, and exists without the assent of the person in possession. It is not a liability founded on a contract express or implied. . . . " Plainly, such a liability will not authorize an attachment. But the liability of the defendant to pay money obtained under a contract, after rescission by the plaintiff, has been repeatedly held to be a liability in implied contract. *Mudge* v. *Steinhart*, 78 Cal. 34 [12 Am. St. Rep. 17, 20 Pac. 147], was concerned with an action for damages for fraud and deceit. It was admittedly not based upon a contract, express or implied, and the main question was whether it was sufficient to obtain jurisdiction over a nonresident by attachment of property within this state. In *Bechtel* v. *Chase*, 156 Cal. 707 [106 Pac. 81], the plaintiff's cause of action was based upon fraud. The court pointed out that he had alternative remedies (p. 711) : "The plaintiff might proceed in any one of various ways to seek relief for the fraud practiced upon him in inducing him to exchange his notes for worthless stock. *He might rescind the transaction and recover the notes which he had been induced to turn over;* he might perhaps, treating the transfer of the notes as void, *recover them or their value without rescission.* (*Wendling Lumber Co.* v. *Glenwood Lumber Co.,* 153 Cal. 411 [95 Pac. 1030].) He might bring an action for the deceit practiced upon him and *recover such damage* as he could show to have been suffered by him."

But the plaintiff did not elect to rescind; his pleading showed an affirmance of the contract. The court therefore held that he had no cause of action in implied contract (p. 712) : "No contract will be implied by the law as against an express contract *not disavowed* by either party. *So long as plaintiff treats the transfer of the notes to Foster as valid,* his only remedy for the fraud alleged by him is by means of an action in tort to recover damages therefor." (Italics ours.)

The same distinction, which is the essential point in the instant case, is made in the case declared by the majority to be precisely in point, namely, *San Francisco Iron & Metal Co.* v. *Abraham, supra.* The court there said (p. 273) : "It nowhere appears that the plaintiff rescinded the partnership contract, offered to rescind it, nor even at this time, offers to place the defendant *in statu quo.*"

In this connection it must be remembered that failure of consideration is one of the statutory grounds for rescission; and we might disregard all of the allegations of fraud and the complaint would still state a cause of action based upon rescission, since it alleges that the stock received was of no value. (Cal. Civ. Code, sec. 1689, subds. 2, 4; *Lasher* v. *Faw,* 209 Cal. 726 [289 Pac. 821] ; *Brown* v. *National Electric Works,* 168 Cal. 336 [143 Pac. 606] ; *Field* v. *Austin,* 131 Cal. 379 [63 Pac. 692].)

Finally, it is well settled that even though no attempt to rescind is made, upon total failure of consideration an implied promise arises to return the consideration paid by the aggrieved party. (*Santa Clara etc. Fuel Co.* v. *Tuck,* 53 Cal. 304; *Rose* v. *Foord,* 96 Cal. 152 [30 Pac. 1114] ; *Hayes* v. *County of Los Angeles,* 99 Cal. 74 [33 Pac. 766] ; *Richter* v. *Union Land etc. Co.,* 129 Cal. 367, 373 [62 Pac. 39] ; *Hogberg* v. *Landfield,* 99 Cal. App. 360 [278 Pac. 907].) That this implied promise furnishes the basis for attachment is obvious, and it was so held in *Santa Clara etc. Fuel Co.* v. *Tuck, supra,* where the court said (p. 305) : "The authorities appear to be uniform to the effect that where a sum of money has been paid upon a consideration which has entirely failed, the law implies a promise to refund it. On the facts stated in the complaint there was, therefore, an implied contract for the direct payment of money, which brings the case within the very terms of the statute defin-

ing the cases in which an attachment may issue." In *Powers* v. *Freeland, supra,* upon which the majority opinion places great reliance, the foregoing case was expressly approved, and the "salutary principle" was conceded to be sound, but was deemed inapplicable because the complaint showed on its face that the plaintiff had received something of value, and therefore that the consideration had not wholly failed.

The whole situation is reviewed and the distinctions clearly made in *Willett & Burr* v. *Alpert,* 181 Cal. 652, 661 [185 Pac. 976, 979] : "It may be well to point out the distinction between the present and such cases as *S. C. V. Peat Co.* v. *Tuck,* 53 Cal. 304, cited by appellant, where, *upon a failure of consideration,* or a breach of contract followed by *rescission, the plaintiff sues to recover, not damages, but the money he has paid under the contract.* Such an action proceeds upon the theory that the defendant has received money which should be returned by him to the plaintiff and which, therefore, the law implies a promise on his part to return, and the action for its recovery may, therefore, take the form of *indebitatus assumpsit.* But where, as in the present case, there is neither an entire failure of consideration nor a rescission of the contract so as to entitle the vendee to recover back his money, with the result that he is limited to his remedy of damages, or where there has been an entire failure of consideration and the vendee yet elects not to recover his money, but to recover damages, the action does not proceed upon any theory of the defendant having received money which he should return to plaintiff and which the law can, therefore, imply a promise on his part to return, and so *indebitatus assumpsit* will not lie." (Italics ours.)

The attachment was proper, and the writ of mandate should not issue.

Seawell, J., and Preston, J., concurred.

Rehearing denied.

Langdon, J., Seawell, J., and Preston, J., dissented.