[Civ. No. 18585.   Second Dist., Div. Two.   Dec. 14, 1951.]

FINLAY J. MacDONALD, as Executor, etc., Respondent, v. CECIL M. JACKSON et al., Appellants.

Elbert E. Hensley for Appellants.

Frank G. Falloon for Respondent.

MOORE, P. J.—Defendants appeal from the order (1) denying their motion to quash the writ of attachment, (2) the order denying their motion for a rehearing of their motion to quash, and (3) the order granting motion to quash exception to surety.   Inasmuch as the appeals from orders (2) and (3) are nonappealable, the appeals from them will be dismissed.

Plaintiff sued on promissory notes payable to his testatrix and caused a writ of attachment to be levied upon the business assets of defendants.   The latter promptly moved to quash the writ ''on the ground that said defendants herein are sued on a cause of action alleging tort.''

The second amended complaint contains three causes of action: Counts I and II are actions to recover on two notes

executed by appellants in favor of plaintiff's testatrix, one being in the sum of $5,000 and the other for $7,880. The third cause of action is one for money had and received in the sum of $10,000 allegedly paid to appellants for a security allegedly void, having been issued in violation of law.

However, the original complaint contained additional allegations in Counts I and II with respect to the subsequent execution by defendants of a note for $12,880, apparently representing a consolidation of the two earlier instruments. It was alleged that on August 20, 1950, defendants took advantage of testatrix' serious illness and took the two notes from her and gave her the written promise to pay her $12,880 in $50 monthly installments. It was further alleged that such note was void (1) for want of consideration and (2) that testatrix' endorsement thereon, purporting to cancel the indebtedness upon her death, was procured by fraud and duress.

Insofar as the first two causes of action are concerned, the attachment was justly issued. They are both based "upon a contract . . . for the direct payment of money." (Code Civ. Proc., § 537.) The affidavit so avers (*Baldwin* v. *Napa & Sonoma Wine Co.*, 137 Cal. 646, 649 [70 P. 732]) and since the complaint declares the fact, its allegations are found to support the affidavit. (*Powers* v. *Freeland,* 114 Cal.App. 146, 149 [299 P. 736].)

█ Counts I and II of the original complaint herein state an action *ex contractu* which constitutes the basis for an attachment. By the original and amended complaints plaintiff seeks recovery upon two promissory notes. █ All the allegations and recitals in regard to the note urged by appellants as the basis for holding Counts I and II of the original complaint to be an action for fraud, appear to be only by way of anticipating a probable defense to be raised by defendants. Such matter has no proper place in the pleading. It constitutes mere surplusage. (*Watson* v. *Poore,* 18 Cal.2d 302, 316 [115 P.2d 478]; *Jaffe* v. *Stone,* 18 Cal.2d 146, 159 [114 P.2d 335, 135 A.L.R. 775]; *Canfield* v. *Tobias,* 21 Cal. 349, 350.) Consequently, it cannot operate to alter the actual, contractual nature of the action.

This conclusion is further substantiated by the affidavit for attachment submitted by plaintiff as the basis for obtaining his writ. Therein it is recited that the action is "upon an express contract, for the payment of money, to wit: Two Promissory Notes."

The appeals from the order denying defendants' motion

for rehearing and from the order granting motion to quash exception to surety are dismissed. The order denying the motion to dissolve the attachment is affirmed.

McComb, J., concurred.