[Civ. No. 24271. Second Dist., Div. Three. Aug. 5, 1960.]

ARCH RIB-SUMMERBELL STEEL FABRICATORS (a Corporation), Respondent, v. E. LUBLINER et al., Defendants; BEN JAFFRAY, Appellant.

Nathan L. Schoichet for Appellant.

MacDiarmid & Reilly and James M. Barrie for Respondent.

SHINN, P. J.—Ben Jaffray appeals from a judgment in the amount of $7,500.65 (including interest and costs) upon the third cause of action of plaintiff's complaint, which charged Jaffray with having received $6,428.20 for the use and benefit of plaintiff.

The complaint was in three counts; the first cause of action was against Jaffray and one Lubliner, charging them with having entered into a conspiracy pursuant to which they took scrap metal and other steel belonging to plaintiff of the value of $17,250, sold it and divided the proceeds. Included in this cause of action were allegations that pursuant to the conspiracy Lubliner paid over to Jaffray $4,600 of the proceeds of the sale and that Jaffray kept the money. It was alleged that defendants should be credited upon the $17,250 with the sum of $4,600 which Jaffray was alleged to have received, leaving defendants indebted to plaintiff on the first cause of action in the amount of $12,650. The second cause of action was against both defendants for $19,078 for metal sold and delivered to them. The third cause of action incorporated by reference paragraphs I to IV, inclusive, of the first cause of action and alleged that Jaffray had received $6,428.20 for the use and benefit of plaintiff and had paid over to plaintiff no part thereof. The complaint prayed judgment against both defendants on the first and second causes of action in the sum of $19,078 and upon the third cause of action judgment against Jaffray alone in the sum of $6,428.20, interest and costs of suit. Findings and judgment were in favor of both defendants on the first and second causes of action and against Jaffray alone for $6,428.20, interest and costs, on the third cause of action.

The record on appeal consists of the judgment roll and a partial transcript of the oral proceedings had upon motions of defendants for judgments of nonsuit and dismissal. None of the evidence is brought up.

The sole contention on the appeal is that inasmuch as findings were in favor of defendants upon the first cause of action there could be no recovery on the third cause of action. The rule invoked by Jaffray is that if the facts of a transaction are specifically alleged in one cause of action, and they are insufficient to state a cause of action, an additional common count, praying judgment in the same amount, and obviously based upon the facts specifically alleged, will not be deemed the statement of a good cause of action. If the cause of action which contains the specific statement of facts

is vulnerable to demurrer the common count will fall with it. If the plaintiff cannot recover on the one cause of action he cannot recover on the other. (*Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 489 [110 P.2d 396]; *Hays* v. *Temple*, 23 Cal.App.2d 690, 695 [73 P.2d 1248]; *Harris* v. *Kessler*, 124 Cal.App. 299, 303 [12 P.2d 467]; *Powers* v. *Freeland*, 114 Cal.App. 146 [299 P. 736].)

 Usually the amount sought under each cause of action is the same, and this implies that there was but a single transaction. The same implication does not arise where the amounts sought are different, although prayers for different amounts under the two causes of action may render the complaint uncertain whether both are based on the same transaction. The rule is inapplicable in the present case.

The first cause of action was against Jaffray and Lubliner jointly. Upon the facts alleged no cause of action would have been stated against Lubliner had it not been for the allegation of the conspiracy. The third cause of action did not allege facts which would create a liability upon the part of Lubliner. In the paragraphs of the first cause of action which were incorporated into the third cause of action there was no allegation of a conspiracy. Neither was it otherwise alleged in the third cause of action that Jaffray was paid any money pursuant to a conspiracy, or even that a conspiracy existed. It was not an element of the third cause of action against Jaffray that a conspiracy existed. It was not necessary in order for plaintiff to recover money had and received by Jaffray for its use and benefit that there be proof of a conspiracy. If the first cause of action had been voluntarily dismissed by plaintiff a recovery could still have been had against Jaffray upon the third cause of action. The only fair interpretation of the complaint is that it presented a case for recovery against both defendants of the value of the whole of plaintiff's property that was taken and sold, provided a conspiracy should be proved, and in case of the failure of the proof of a conspiracy a recovery from Jaffray of the amount he had received from the proceeds of the sale.

 It is contended by appellant that the issues were limited by a pretrial order which read in part: "This is an action to collect for the value of certain metal and is based upon conspiracy to defraud." The order incorporated as a part thereof the pretrial statement of the parties. This read in material part as follows: "The issues to be resolved by

trial are: 1. Whether a conspiracy existed between defendant Jaffray and defendant Lubliner as alleged by plaintiff; 2. Whether defendant Jaffray delivered any usable steel and/or scrap steel to defendant Lubliner for sale for the joint account of defendants and, if he did, (a) the fair market value thereof, and (b) the amount of cash, if any, defendant Lubliner paid to defendant Jaffray individually.'' This was but a paraphrase of the first cause of action; no mention was made of the third cause of action. We cannot see that the pretrial order accomplished anything. The issues in the case were simple and no facts were admitted by the pretrial statement. All the order accomplished was oversimplification of the allegations of the complaint and the denials of the answers. The order did not limit the issues any more than the complaint limited them so as to hold Jaffray to liability for money had and received only in case the existence of a conspiracy between him and Lubliner should be proved. Technical faults may be found in the proceedings. It is difficult to understand plaintiff's theory that the liability of Lubliner, upon proof of a conspiracy, would be reduced by the amount of a partial judgment against Jaffray, as alleged in the first cause of action. It is also difficult to understand the unnecessary brevity of the pretrial order which tends more to confuse the issues than to clarify them.

The trial court interpreted the complaint and the pretrial order to mean that the issue of Jaffray's liability for money had and received was presented independently of the cause of action against defendants jointly based upon the allegation that they were engaged in a conspiracy. We are in agreement with that interpretation. The case was fairly tried. The judgment is not attacked upon the ground of error in substance but only for claimed error of procedure. There was in our opinion no error.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied August 22, 1960, and appellant's petition for a hearing by the Supreme Court was denied September 27, 1960.