# N. P. PERRINE AND JAMES J. WALKER *v.* GEORGE MARSDEN, WILLIAM A. GREEN, AND JOHN SEARLS.

INJUNCTION TO RESTRAIN WASTE.—An injunction will not be granted at the suit of the landlord against the tenant or his assigns, to restrain the commission of waste by the removal from the demised premises of a building erected by the tenant, if it appears that the landlord is not entitled to the reversion.

INJUNCTION TO RESTRAIN REMOVAL OF BUILDING BY TENANT.—An injunction will not be granted at the suit of the landlord to restrain the tenant from removing from the demised premises a building erected by him, if it appears that the

security for the rent will thereby be merely impaired and lessened in value. It must appear that such security will be left inadequate to secure the rent.

Appeal from the District Court, Twelfth Judicial District, City and County of San Francisco.

On the 11th day of April, 1866, the plaintiffs leased to Robert T. Reynolds and Leonard Washburn a portion of One Hundred Vara Lot Number One Hundred and Thirty-Five, in the City of San Francisco, for the term of fifteen years, reserving therefor a monthly rent of one hundred dollars per month for the first year, and a monthly rent of one hundred and fifty-five dollars for the fourteen years remaining. The lessees covenanted to pay all taxes levied or assessed on the premises during the term. The lease also contained the following covenants:

"It is further agreed, that in case said lessee fails to pay the rent, taxes, charges, or assessments made on the land covered by this lease, in accordance with the terms of this lease, or to fulfil any of the covenants herein contained, the said lessor shall be at liberty to re-enter and hold said premises, with all improvements thereon, free from all claims of said lessee, or resort to any other legal remedy. As a further security for the payments, in accordance with the terms and provisions of this lease, the said party of the second part hereby pledges and mortgages all improvements placed upon the above described premises; and in default, said party of the first part can re-enter and hold possession of said premises and improvements, free from all claims of the lessee, and this lease shall be thenceforth null and void. It is hereby understood and agreed that said lessees can, at the expiration of this lease, remove the improvements placed or to be placed by them upon the premises above described; provided such removal be made within ten days after the expiration of this lease, they paying rent during the time of making such removal."

The lessees soon after erected on the premises a double dwelling house, costing about three thousand dollars, and a large building intended for and used as stables, costing about seven thousand dollars. In August and September the lessees proceeded to erect another double dwelling house on the premises, but the same was not quite completed when they became insolvent and applied for the benefit of the insolvent laws.

On the 7th of August, 1866, one Stanley recovered a judgment against Reynolds & Washburn for five thousand dollars, and had an execution issued, and sold the premises on the 26th of October, and defendant Marsden purchased the same. The other defendants were in some way interested with Marsden in the purchase.

In January the defendants made preparations to remove the uncompleted building from the premises, and this action was commenced to restrain them by injunction from doing so.

The complaint averred that the removal would " greatly lessen and impair the security for the payment of said rent according to the terms of said lease." The rent and taxes had been paid up to the time the action was commenced.

The answer averred that " the defendants Green and Marsden are ready and willing, and they hereby offer to become responsible for the payment of the rent, and the due fulfilment of each and every of the covenants in the said alleged lease mentioned and contained on the part and behalf of the lessees therein named." It was also averred that the defendant Green was worth one hundred thousand dollars.

The Court, on the complaint and affidavit of one Barbour, granted a restraining order, and made a further order for the defendants to show cause why a preliminary injunction should not be granted. At the hearing upon the pleadings and affidavits, it appeared by the affidavit of defendant Green, which was uncontradicted, that at the expiration of the lease the premises would revert to one Hugh Miller, who was the owner of the fee.

The Court granted the preliminary injunction, and the defendants appealed from the order.

*Wm. Hayes,* for Appellants.

The complaint does not allege that the respondents have any reversionary interest in the property which formed the subject of the lease. On the contrary, the uncontradicted affidavit of William A. Green shows that they have no such interest. The respondents, therefore, are not in a position to maintain their suit to restrain the commission of waste, and their application for an injunction should have been denied. (Taylor's Landlord and Tenant, Secs. 686–688; *Robinson* v. *Wheeler,* 25 N. Y. 254–257; *Peterson* v. *Clark,* 15 Johns. 206–7.) It is not alleged that after the removal of the house, the other property will be insufficient to pay the rent.

*C. H. Parker,* for Respondents.

The real question in this case is this : Can the plaintiffs, by the terms of the lease, rightfully restrain the defendants from removing any buildings placed upon the premises by the lessees, after the date of the lease, on the ground that such removal would impair the security provided by the covenants of the lessees? That such right exists admits of no doubt. (Adams' Equity, p. 317, note 1, p. 477, note 1, pp. 480–1, note 2; 2 Eden Inj. p. 182–3, note 1, p. 185, note 1.)

By the Court, SANDERSON, J. :

So far as this may be considered an action to restrain the commission of waste, it cannot be sustained upon the facts disclosed in the record. It is not only not averred in the complaint that the plaintiffs are entitled to the reversion,

but it is shown by the uncontradicted affidavit of Green that they are not.   (Taylor's Landlord and Tenant, Sec. 686.)

The same is true of the case in its aspect as an action to restrain the defendants from removing the double house, upon the ground that the security for the rent will be impaired by its removal.   To maintain the action upon that ground, it is not sufficient to show that the security will be lessened in value.   It must appear that it will be left inadequate, which is not shown to be the case, but quite the contrary.   (*Buckout* v. *Swift*, 27 Cal. 433.)

Let the injunction be dissolved.