[No. 3,755.]

## G. N. PENNYBECKER v. JAMES McDOUGAL AND DANIEL McDOUGAL.

WHEN A BUILDING IS PERSONAL PROPERTY. — A building set upon blocks resting on the ground is personal property, and replevin lies to recover it.

WHEN A FENCE IS PERSONAL PROPERTY.—A portable fence made of posts and boards, and resting on the surface, is personal property.

POWER OF STATE OVER UNITED STATES LANDS. — The Legislature of this State cannot authorize parties who have placed improvements, which have become a part of the realty, on public lands of the United States, to remove the same after the lands have become private property.

BUILDINGS AND FENCES ON PUBLIC LANDS.—If buildings and fences, which are erected on public lands of the United States, are not attached to the soil, and are not a part of the realty, the United States has no interest in them, and they do not pass to a purchaser from the United States, and the person who constructed them has a right to remove them after a patent has issued to the purchaser.

JURISDICTION OF DISTRICT COURT.—If the complaint avers the value of the property in controversy to be more than three hundred dollars, the District Court has jurisdiction, though the judgment recovered is for less than three hundred dollars.

DAMAGES IN REPLEVIN.—In an action of replevin for the materials which, before their removal, composed a fence attached to and a part of the realty, the plaintiff can recover only the value of the materials after their removal, and not the value of the fence as it stood before the removal.

APPEAL from the District Court, Tenth Judicial District, Colusa County. ·

The plaintiff entered one hundred and sixty acres of land as a preëmptioner, and the thirty acres was a part of it.

The complaint alleged that the fence was worth three hundred and sixty dollars, and the building forty dollars.

The other facts are stated in the opinion.

W. C. Belcher and N. E. Whiteside, for the Appellants, argued, that the house being personal property, the defendants had a right to remove it, and cited Crelling v. Tafnell, Bull. N. P. 34; Van Ness v. Packard, 2 Pet. 37; Holmes v. Tremper, 20 Johns. 28; King v. Welcomb, 7 Barb. 265, and Whiting v. Barstow, 4 Pick. 310. They also argued, that the Legislature did not transcend its powers by the Act of March 30, 1868, authorizing improvements to be removed from public lands, as the law only, in effect, made such improvements personal instead of ·real property, and that the rule making improvements attached to the soil pass with the land, was purely arbitrary, and could be changed by judicial construction or Legislative enactment; and cited, Poole's case, 1 Salk. 368; Lawton v. Lawton, 3 Atkyns 13; Penton v. Robart, 2 East 88 and 2 Peters, ante, and the other

cases there referred to. They also cited, *Doty* v. *Gorham,* 5 Pick. 490; and *Brown* v. *Lillie,* 6 Nev. 244. They argued that the United States had invited citizens to settle on the public lands, and that when they thus settled they became tenants at will, and had a reasonable time to remove their improvements. They also cited, *Jones* v. *Carter,* 12 Mass. 314; *Ross* v. *Irving,* 14 Ill. 174; and *Pacquette* v. *Pickens,* 19 Wis. 222, as to the validity of the Act of March 30, 1868.

*S. T. Kirk,* for the Respondent, argued that the Court had not jurisdiction of the case, as the judgment was only for two hundred and twenty-five dollars, and that the case of *Collins* v. *Bartlett,* 44 Cal. 371, was the first reported case on a statute like that of March 30, 1868, and that if the right to remove improvements did not exist without the Act, it did not exist with it; and that no third party could attach conditions to the right of the general government to sell its lands. That the party who placed improvements on public lands did so with his eyes open, knowing the land might be entered, and therefore could not complain. He also argued that the authorities cited by the appellant's counsel did not apply, as there was no tenancy between the government and the defendants, as it was a mere naked possession on their part.

By the Court, CROCKETT, J.:

This is an action to recover a small frame building, and certain fencing materials, alleged to have been the property and in the possession of the plaintiff, and to have been wrongfully removed, and to be unlawfully detained by the defendants. The answer—1st, denies all the allegations of the complaint; 2d, the plaintiff's title; and avers that the title and right of possession are in the defendants; 3d, avers that without the fault of the defendants, the property has been consumed by fire. Judgment was entered for the plaintiff, and the defendants appeal.

It appeared at the trial that in the year 1864, the defendants inclosed with a fence thirty acres of the public land of the United States, and erected upon the tract a small frame building, set upon blocks, resting upon the

ground; that in July, 1872, the plaintiff received from the United States a patent for a larger tract, which included the thirty acres; that he commenced an action against the defendants to recover the thirty acres, and in September, 1872, obtained a judgment of restitution; that before the judgment was executed, the defendants removed the fences and building from off the thirty acres on to their own premises, where the fencing material was destroyed by fire, before the commencement of this action.    It was also proved that the value of the building was twenty-five dollars, and that the fences as they stood on the ground were worth two hundred dollars; but after removal, the materials were worth only seventy-five dollars.    This was all the evidence.    The judgment was for a return of the property; and if a return could not be had, then for the value, assessed at two hundred and twenty-five dollars.

The defendants' counsel rely with much earnestness upon the Act of March 30, 1868 (Statutes 1867–8, p. 708) as furnishing a complete defense to the action.    The Act provides that "any inhabitant of this State, who has put or placed improvements upon any lands belonging to this State or to the United States, or who has the right of possession of such improvements on said lands, shall have the right to remove such improvements from such lands at any time within six month after such lands shall have become the private property, by purchase or otherwise, of any person or persons, firm, corporation or company, either within or without this State; and such inhabitant shall not be liable to an action for damages for the removal of such improvements within the time above stated.    All houses, barns, sheds, outhouses, buildings and fences, and all orchards and vineyards, shall be deemed and held to be improvements, within the meaning of this Act."

In *Collins* v. *Bartlett*, (44 Cal. 371), we had occasion to consider the validity of this statute, so far as it authorizes the removal of improvements which were attached to the soil and had become a part of the freehold; and we held that in respect to improvements of that character, the Act interferes with the primary disposal of the public lands by

the United States, and is in violation of the Act of Congress admitting California into the Union.  In an able and elaborate brief by the defendants' counsel, we are urged to review that decision.  But after careful consideration, we adhere to the views expressed in that case.  If, however, the cabin and fences were not attached to the soil, and formed no part of the realty, but were mere personal property, the United States had no interest in them to convey, and they did not pass to the plaintiff under the patent. The cabin, certainly, was not a part of the realty.  It was set upon blocks, resting on the surface of the ground, not attached to the soil, and removable without disturbing the land in any way  Not being annexed to the soil, it was not a part of the realty, and the plaintiff had no title to it. (*Sands* v. *Pfeiffer*, 10 Cal. 258; *Tyler* v. *Decker*, Id. 435; *Merritt* v. *Judd*, 14 Id. 59).

The Court, therefore, erred in awarding to the plaintiff the value of the cabin.  Nor is there anything in the findings or evidence to show with certainty that the fence was annexed to the soil.  It is described by the witnesses only as a fence composed of posts and boards, and as enclosing the thirty acres.  But there is no evidence as to the manner in which the fence was constructed, nor whether the posts were set in the ground.  For aught that appears, it may have been a portable fence, resting wholly on the surface, and in no manner annexed to the freehold.  But if the posts were in fact set in the ground, as is the usual custom, so that the fence was a part of the realty, the Court below erred in the measure of damages.  It finds that the fence, as it stood before its removal, was worth in its place on the ground two hundred dollars, and awards damages for that sum; but the plaintiff testifies (and there is no other evidence on the point) that, after removal, the materials were worth only seventy-five dollars; and the action is replevin for the materials.  If the plaintiff had sued for the damage to the freehold, he might have recovered the value of the fence as it stood, if it was a part of the realty.  But having elected to sue in replevin for the materials as personal property, he can only recover their value as such.

The specifications in the statement are not very satisfactory on this point; but we think they are sufficient to enable us to review the action of the Court below.

Judgment reversed and cause remanded, with an order to the Court below to modify the judgment by reducing the damages to seventy-five dollars.

Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.