DOSCHER et al., Appellants, *v.* BLACKISTON et al., Respondents.

Fixtures—Erections Under Adverse Claim.—Where one person enters on the land of another with an intention to hold an adverse possession as against the true owner and erects a building thereon, to be occupied in connection with his adverse possession, he has no right to such building as against the rightful owner of the land, although the same is of wood resting on posts or blocks and kept in place only by its own weight. Such building is not personal property, but is a part of the realty.

APPEAL from Multnomah County. The facts are stated in the opinion.

*Sidney Deel,* for appellants.

*Northup & Gilbert,* for respondents.

By the Court, KELLY, C. J.:

This was an action brought by the appellants to recover the value of two houses alleged to have been converted to their own use by Clara Hight, formerly Clara Blackiston, and Charles A. Blackiston, two of the respondents. The land upon which the houses were built was then and is now owned by the respondents, Clara and Charles, but was then claimed adversely by the appellants. The larger house was forty-four feet long and twenty-two feet wide, and rested on cedar posts imbedded in the ground, but was not fastened or affixed to the posts, except by its own weight. The posts were four or five feet long and were boarded up underneath the house, so as to make a perfect inclosure. The smaller house rested on blocks by its own weight, but was not otherwise attached to them. These buildings were erected on the land of respondents and against their protest. They ordered appellants to desist, and threatened them with legal proceedings in case they would not. No attention was paid to these remonstrances, but appellants continued their work and completed the buildings, and when finished rented the larger one to a tenant, who occupied it as a wash-house and dwelling. The respondents commenced an action of ejectment and recovered possession of the land on which these building were erected, and were adjudged to be owners in fee-simple of the premises. An execution was issued on the judgment, and by virtue thereof respondents were placed in possession by the sheriff of Multnomah county. After being ejected the appellants demanded the houses from respondents, and claimed the right to remove them because they were personal property, and not attached to the land. That claim was refused, and this action was brought to recover the value of the buildings. On the trial

the court charged the jury as follows: "If the jury find from the evidence that the plaintiffs at the time they commenced constructing the larger of the two houses in controversy had actual notice of the adverse claim of the Blackiston heirs (two of the defendants) to the land on which the house was placed, and were forbidden to construct the house either by the guardian of the heirs or by the minor, Charles A. Blackiston, and notwithstanding such notice and caution, the plaintiffs proceeded to build the house and placed it on wooden blocks or posts that were set six inches or a foot into the ground; then the plaintiffs were to be deemed wrong-doers in the construction of the house, and the plaintiffs are not entitled to recover and the verdict should be for the defendants. The plaintiffs, however, might lawfully construct the house on the land of the defendants by the consent of the guardian of the defendants, Charles and Clara, and if the jury find from the evidence that the guardian of Charles consented to the erection being made by the plaintiffs and demanded a ground rent from plaintiffs, and plaintiffs acknowledged the right of the guardian and his wards, and built the house under the license and consent of the guardian, and not under a claim of right in themselves adverse to the wards Clara and Charles, then the house was the property of plaintiffs, and the conversion of it by the defendants was wrongful and the plaintiffs may recover the value. But if the plaintiffs at the time of commencing the construction of the house claimed a right in themselves to the land, adverse to Clara and Charles, and by virtue of such claim built and occupied the house, and then denied and resisted the claim of Clara and Charles, they can not in such case avail themselves of any license or consent by the guardian or his wards—the benefit of the license was lost if the plaintiffs denied the right of the licensor." To which instruction the appellants excepted. They then asked the court to instruct the jury as follows: " If the jury believe from the evidence that the plaintiffs built the house in question under a *bona fide* claim of title to the land, and put it on blocks or posts without fastening it to the blocks or posts, but simply let it rest

thereon by its own weight, then the building remained personalty, and was not a part of the realty to which the defendants had any right by virtue of their ownership of the land and their recovery in the action for possession described in the answer, and the verdict should be for the plaintiffs."

Which instruction the court refused to give, and this refusal is assigned as error. The only point in the case is whether the buildings in controversy became part of the land by being erected thereon without the consent of the owners, or whether they were personal property belonging to appellants and could lawfully be removed by them, as such, after the possession was delivered to respondents by the sheriff. The appellants insist that they were not fixtures, inasmuch as they were not attached to the land, but rested by their own weight upon posts set in the ground.

We think this view of the law is untenable. The notion that any such attachment by bolts or nails, or by being imbedded in brick or stone, and mortar, to constitute a fixture which once prevailed, has been almost entirely abandoned in many of the states. The true rule now for determining whether a thing is to be regarded as a fixture or not, is said to be to consider the character of the act by which the structure is put in place, the policy of the law connected with its purpose, and the intention of those concerned in the act. (*Meigs' appeal*, 62 Pa. St. 28; 29 Wis. 655; 34 Ill. 522; 25 Id. 551.) As between a landlord and tenant, the rule of the common law that all things attached to the realty shall be considered a part of it, has been greatly relaxed in favor of the tenant, and machinery erected by him for the purpose of carrying on his trade, though affixed to the soil, has notwithstanding been considered personal property, which may be removed by the tenant at the expiration of his lease. So, on the other hand, as between vendor and vendee, or between mortgagor and mortgagee, buildings erected on land with the intention of using them in connection with the land, are now considered as part of the realty and pass with it, although resting on posts or blocks and kept in place only by the forces of gravitation. The

law is still more stringent against any supposed right of a mere trespasser to remove a structure erected by him on the land of another.   In no case which has been called to our attention, or which we have been able to discover, has it been held that one person, entering upon the land of another, under a claim of right adverse to the true owner, and erecting a building thereon, had a right to remove it as against the owner of the land.   In the case referred to in 29 Wis. 655, the defendant as tenant under one who claimed to own a lot under a tax title, erected thereon a small one-story wooden structure upon posts set upon planks laid on the surface of the ground.   The owner brought an action of ejectment, recovered a judgment against the defendant for the lot on which the building stood, and the sheriff demanded possession of the premises by virtue of an execution issued on the judgment.   The defendant removed the building in the night-time, after it had been formally delivered by the sheriff to the plaintiff.   The plaintiff then brought an action of replevin to recover the house, and it was held that he was entitled to recover it.   The court held that as to the true owner such a building was a fixture, notwithstanding an intention on the part of the trespasser to remove it at some future time, and that it made no difference in such trespasser's right to the building as against the lawful owner; that he entered in good faith under a lease from one who claimed to have a tax title to the land.   So in the case of *Ogden* v. *Stock*, 34 Ill. 522, where the purchaser of a city lot, holding it under a contract of purchase, with clauses of forfeiture, erected a house thereon placed upon blocks lying on the ground, and having failed to make the payments on his contract, sold the house to a person, who removed it from the lot.   The vender of the lot then replevied the house, and it was held that the vendee, while occupying the premises under his contract, had no right to erect a building thereon with intent to remove it; that such intent would be in fraud of his vendor's rights; that the purchaser stood in no better position, and when he severed the house from the freehold the owner of the freehold could maintain replevin so long as the house could be identified and was

not permanently affixed to other reality. (*Dooley* v. *Crist*, 25 Ill. 551.) In New York, where a building was erected upon lands of another, with no agreement that the same was to be held and regarded as personal property, it became part of the realty and passed with it upon the conveyance of the lands to another. In this case the house was fifteen by sixteen feet, and stood on a foundation of loose stones with a back chimney on it. (42 N. Y. 349.) The only case in apparent conflict with this doctrine which has been brought to our attention is that of *Pennybecker* v. *McDougal*, 48 Cal. 160. That case was no doubt decided with reference to the statute laws of California. An act of March 30, 1868 (Statutes, 1867–8, p. 708), provided that " Any inhabitant of this state who has put or placed improvements upon any lands belonging to this state or the United States     *     *     * shall have the right to remove such improvements from such land at any time within six months after such lands shall have become the private property, by purchase or otherwise, of any person or persons, firm or corporation, or company, either within or without this state."

The action was brought to recover a small frame building set upon blocks resting on the ground, and some fencing material which the defendant in that case had placed on the public lands of the United States in 1864. The plaintiff obtained a patent for this land, including a larger tract, in 1872, whereupon the defendant removed the house from it. In this case it was held by the supreme court that the defendant had a right to remove the house or cabin, because not being annexed to the soil it was not a part of the realty. The decision was made in 1874, when the civil code of March 21, 1872, was in force. Sections 658, 659, and 660 of that code, define what is real and what personal property, and what shall be deemed fixtures; and the decision is clearly made in conformity with the provisions of the civil code, and the act of March 30, 1868. In the case under consideration the entry upon the land was made by the appellants, with an assertion of title in themselves, and with an intention to hold an adverse possession as against the true owners. In pursuance of such entry and assertion

of title, and with such intention the houses were erected, to be used with the land as a part of it. In such case, it seems clear that no proof of previous intention on the part of the wrong-doers to remove the houses from the freehold, should be admitted for the purpose of changing their character from real to that of personal property, as between them and the actual owners of the soil. We think there was no error in the proceedings of the court, and that the judgment should be affirmed.