[No. 13899. In Bank. — September 25, 1891.]

## I. S. MILLER, APPELLANT, v. W. J. WADDINGHAM ET AL., RESPONDENTS.

BUILDINGS — FIXTURES — QUESTION OF FACT. — Whether, in any case, buildings that are placed upon land become fixtures, is a question of fact to be determined upon the evidence of that particular case. The mere erection of a building upon land does not necessarily make it a fixture.

VENDOR AND PURCHASER — RIGHTS OF PURCHASER IN POSSESSION — WASTE. — When a vendor of land allows the purchaser to take possession, the purchaser, so long as he complies with his contract, has the right under his equitable ownership to any use and enjoyment thereof which does not impair the condition or diminish the value of the property of which he received the possession, and he cannot be chargeable with waste for such use and enjoyment.

ID. — INJUNCTION— IMPAIRING SECURITY — REMOVAL OF BUILDINGS ERECTED AFTER PURCHASE. — A vendor of land, who holds the legal title as security for the fulfillment of a contract of purchase by the vendee in possession, must show that he will sustain injury, or that his security will be impaired, before he can maintain an action to restrain waste; and a mere showing by the vendor that certain parties who erected buildings upon the land under a contract with the vendee subsequent to the date of the contract of purchase, and which formed no part of the consideration for the purchase of the land, are threatening to remove them from the land, does not show any impairment of the vendor's security, or injury to himself, sufficient to sustain an injunction, where it appears that the value of the buildings is less than one half of the money received by the vendor toward the purchase price of the land, and it does not appear that the land has diminished in value, or that the purchaser has failed or is unable to comply with his contract.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Waters & Gird*, for Appellant.

*Harris & Gregg*, for Respondents.

HARRISON, J. — In March, 1887, the plaintiff entered into an agreement in writing with one Clubine for the sale and conveyance to him of two blocks of land in Ontario, in this state, receiving from him the sum of nine thousand dollars on account of the purchase price of the property, and placed his vendee in possession of the land. Clubine subdivided the land into lots suitable for residence and business purposes, and employed the defendant Newman to construct certain dwelling-houses upon the land, and to furnish the materials therefor for the sum of four thousand one hundred dollars, payable in weekly installments as the work progressed. Shortly after Newman began the construction of the houses, Clubine, failing to make such payments, agreed with him that the houses should belong to said Newman until paid for, and thereupon Newman proceeded with his work, and finished the houses, having received from Clubine only the sum of $725 upon account thereof. Prior to the commencement of this action Newman sold the houses to the defendants Waddingham and Gargan, and they very soon thereafter commenced to remove them from the land, and had partly completed such removal when the plaintiff commenced this action. The houses were built on redwood mudsills of two-inch by six-inch timber, resting upon the soil, and the soil was not disturbed in building or removing the houses. The plaintiff brought this action for the purpose of perpetually restraining the defendants from removing the houses from the land, and also to recover from them the sum of three thousand dollars damages, alleged to have been done to his property by the attempted removal. At the commencement of the action a restraining order was issued by the court, and upon the trial of the cause the court rendered judgment in favor of the defendants,

and dissolved the restraining order.   From this judgment the plaintiff has appealed upon the judgment roll alone.

Although the principal ground urged by the appellant for the reversal of the judgment is, that upon the construction of the houses they became fixtures attached to the land, and that by their removal the defendants were committing waste, we think that the respective rights of the parties are to be determined upon principles other than those applicable to the subjects of waste and fixtures.   The court below did not find that the buildings in question were fixtures; and in the absence of a finding by it upon that subject, we cannot say upon the facts that were found that they did become fixtures.   Whether, in any case, buildings that are placed upon land become fixtures, is a question of fact to be determined upon the evidence of that particular case.   The mere erection of a building upon land does not necessarily make it a fixture (*Pennybecker* v. *McDougal*, 48 Cal. 160); and in order to determine whether it be a fixture depends upon various circumstances and relations connected with its being placed upon the land.   (*Lavenson* v. *Standard Soap Co.*, 80 Cal. 250; 13 Am. St. Rep. 147.)   The rules applicable to fixtures have been created by a series of judicial decisions, and these decisions are not always capable of being reconciled.   The attempt in the Civil Code to give a definition of a fixture only in part removes the difficulty. Section 660 declares that "a thing is deemed to be affixed to land when it is . . . . . permanently resting upon it, as in the case of buildings"; but it still requires evidence to determine what is "*permanently* resting" upon the land. The finding in the present case that "said houses were built on redwood mudsills of two-inch by six-inch timber, said mudsills resting upon the soil," and that "the soil was not disturbed in building or removing said houses," is consistent with a determination of the court below that the buildings in question were not fixtures; and for the purpose of upholding its decision, it may be assumed that such determination was made by it.   But,

without determining whether or not the buildings were fixtures, we are of the opinion that upon other principles applicable to the case the plaintiff is not entitled to the relief sought by him.

The plaintiff has invoked the aid of a court of equity to protect him against threatened injury; and in order that he may have such protection, it is incumbent upon him to show that he has rights which need and can receive it, and also that the acts charged upon the defendants are an invasion of such rights, and demand such assistance. In his complaint he alleged that he was the owner of certain land upon which stand certain buildings, and that the defendants had committed certain acts of trespass upon the same, causing a damage thereto of three thousand dollars. Upon the trial, the court, instead of finding that he was the " owner " of the land upon which the alleged trespass was committed, found that he had made a contract of sale thereof with the grantor of the defendants, and placed his vendee in possession of the land, and that the buildings had been thereafter placed upon the land at the instance of the vendee, and were being removed under authority derived from him. Upon the execution of this contract of sale, the vendee of the plaintiff became vested with the equitable title to said land, and the plaintiff retained in himself the legal title as a security for the performance of the contract by the vendee. By placing his vendee in possession of the land he thereby conferred upon him the right to its use and enjoyment, so long as he should continue to comply with the obligations of his contract.

It may be conceded that if the buildings had been upon the land at the date of the purchase, and had formed a part of the subject-matter of the sale, the plaintiff might have had the right to have them remain upon the land as a part of his security until the whole purchase price was paid. In this case, however, the buildings formed no part of the consideration for the purchase of the land, nor were they placed upon the land in pursuance of any terms of the contract of sale. The

fact that the plaintiff was under no obligation to give to his vendee possession before a conveyance of the land is immaterial. He did give him possession, and while such possession did not authorize the vendee to do any act which would diminish the value of the property of which he had received the possession, he had the right under his equitable ownership to any use and enjoyment thereof consistent with such obligation. For such use and enjoyment he could not be chargeable with waste.

After the execution of a contract of sale the relation of the vendor and vendee to the land is likened to that of mortgagor and mortgagee. The vendor retains the legal title as security for the performance by the vendee of the contract on his part, and by placing the vendee in possession of the land gives to him the right to use and enjoy it as his own, so long as he does not impair its condition, or diminish its value as it existed when received by him. So long as the vendee complies with the terms of his contract, he is entitled to retain possession of the land ( *Willis* v. *Wozencraft,* 22 Cal. 607); and the vendor can at no time enforce payment of more than the agreed price therefor, however much the land may have appreciated in value, or been improved by the vendee. The fact that the vendor holds the legal title as security for such payment does not give him any greater rights than he would possess if he had conveyed the land and taken back a mortgage for the unpaid portion of the purchase-money, or than are held in land by a mortgagee who takes for his security a conveyance absolute in form, instead of a formal mortgage.

It is a well-recognized principle in equity that a mortgagee cannot maintain an action to restrain waste without showing that thereby his security will be impaired. ( *Robinson* v. *Russell,* 24 Cal. 467; *Buckout* v. *Swift,* 27 Cal. 433; 87 Am. Dec. 90. See also *Perrine* v. *Marsden,* 34 Cal. 14.) And by parity of reasoning the vendor who holds the legal title as security for the fulfillment of the contract of purchase by the vendee in possession should show that he will sustain some injury before he can

maintain an action like the present. So long as the sufficiency of the security is unimpaired, he has no right to disturb the vendee in any use or enjoyment which he may make of the land. Such use and enjoyment by the vendee is a use of his own property, and unless he thereby impairs the security, or diminishes the estate which he received from the vendor, or the value of the land as he received it, he should not be restrained.

In view of these principles, the plaintiff has failed to show any right to the equitable interposition of the court, and the action of the court in dismissing his complaint was correct. It is not alleged in his complaint, nor is it found by the court, that the vendee has in any respect failed to comply with the terms of his contract, or that he is unwilling or unable to do so. The record does not disclose the terms of the contract of sale, — either the amount of the purchase price remaining unpaid, or the time when it will become payable. Nor is it alleged or found that the land is less valuable than it was at the date of the contract of sale, or how great is the obligation for which the plaintiff holds it as security. In the absence of any allegation or finding to the contrary, it must be assumed that the land is fully as valuable as at the date of the contract, and that the vendee is not only able to comply with his obligations, but that he will fully and promptly meet them as they mature. Inasmuch, then, as the plaintiff has received nine thousand dollars towards the payment of the purchase price of the land, he does not show any impairment of his security, or injury to himself, by the fact that the defendants are threatening to remove from the land buildings placed thereon by themselves, and which are shown to be of the value of only four thousand one hundred dollars.

The judgment of the court below is affirmed.

DE HAVEN, J., GAROUTTE, J., BEATTY, C. J., and SHARPSTEIN, J., concurred.