[Civ. No. 7210. Second Appellate District, Division Two.—September 14, 1932.]

J. A. ERICKSON, Respondent, v. A. L. WILSON, Appellant.

J. L. Murphey for Appellant.

D. K. Gault for Respondent.

CRAIG, Acting P. J.—In an action for damages by the owner of real property against the vendor of a building for its removal therefrom prior to foreclosure of a deed of trust of such owner and his purchase at a sale thereunder, judgment was rendered in favor of the plaintiff, and the defendant appealed.

The arguments are devoted mainly to a controversy as to whether or not said building was a fixture. It appeared that the appellant had sold the same to one Miller, the original owner and trustor under the respondent's deed of trust, and had placed it upon a foundation built on the premises for said building. It is earnestly insisted that there was evidence tending to show that the building was not actually set upon its foundation, but the appellant concedes that "on the other hand there was evidence on the part of the plaintiff that the house was let down on the foundation". The finding below was that "a foundation was constructed under said house and that a framework was built on said foundation under said house; and that thereafter said house was lowered upon said framework and rested firmly upon said foundation and became affixed and attached thereto".

The mere erection of a building upon realty does not necessarily make it a fixture, but whether in any case a building so placed has become such is a question of fact to be determined by the trial court. (*Miller* v. *Waddingham*, 91 Cal. 377 [13 L. R. A. 680, 27 Pac. 750].) In view of the finding of the trial court upon a conflict of evidence the question presented does not permit of serious consideration upon appeal.

The appellant sought to prove conversations asserted to have occurred between Miller and the defendant, at which the respondent was not present, and the court, at one point, excluded them. This might have shed light on the intention of these parties as to whether or not the house was to be affixed to the realty, but it is unnecessary to give this assignment consideration because the defendant was afterwards permitted to relate the entire conversation between Miller and himself when the bargain was made.

Finally, it is contended that the original owner and trustor by a fraudulent representation to the appellant as to the amount of the respondent's lien upon the premises, entitled the appellant to introduce evidence of such fact. It is not denied that the deed of trust was recorded at the time of the sale of the building, nor does it appear that the respondent was a party to any such representation or fraud.

From what has been said, we think the appellant's contentions are covered and that error does not appear.

The judgment is affirmed.

Thompson (Ira F.), J., and Stephens, J., *pro tem.*, concurred.