[Civ. No. 684. Fourth Appellate District.—October 4, 1933.]

MATTIE EVANS ALDERMAN, Appellant, v. CLARA JANE BAGGETT et al., Respondents.

Lewis & Lehman for Appellant.

Kelley & Hews for Respondents.

BARNARD, P. J.—In April, 1925, Clara Jane Baggett entered into a written contract to purchase from the plaintiff certain lots in the town of Thermal with a hotel and rooming-house located thereon. She took possession immediately and proceeded to operate the hotel and rooming-house. In November, 1925, her husband, William C. Baggett, moved a cottage or "tent house" belonging to him and theretofore located on lots owned by him to the premises being purchased under contract by his wife. This cottage was thirty-six feet long, ten feet wide and divided by plaster-board partitions into four rooms. Its exterior walls were of screen wire except for about three feet of weatherboard siding at the bottom, and the roof was shingled. About September, 1928, the plaintiff, upon receiving notice from Mrs. Baggett that she would not complete the contract, took possession of the property covered thereby. Shortly thereafter and while the plaintiff was absent from the property, William C. Baggett removed the cottage or tent house referred to. The plaintiff brought this action in claim and delivery seeking to recover possession of the cottage or its value. The court found in all respects in favor of the defendants and from the ensuing judgment plaintiff has appealed.

The findings are not attacked and the only contentions made by the appellant are that it conclusively appears from the evidence that the cottage in question was so affixed to the land as to become a part of the realty and that no agreement for its removal existed.

It is well settled that the question of whether a building has been affixed to and has become a part of real property is one of fact and is dependent upon the peculiar circumstances of each case (*Bond Investment Co.* v. *Blakeley,* 83 Cal. App. 696 [257 Pac. 189]; *Fisher* v. *Pennington,* 116 Cal. App. 248 [2 Pac. (2d) 518]; *Miller* v. *Waddingham,* 91 Cal. 377 [27 Pac. 750, 13 L. R. A. 680]). In *Gosliner* v. *Briones,* 187 Cal. 557 [204 Pac. 19], the court said:

" 'Real or immovable property consists of: 1. Land; 2. That which is affixed to land; 3. That which is incidental or appurtenant to land; 4. That which is immovable by law.' (Civ. Code, sec. 658.) 'Every kind of property that is not real is personal.' (Civ. Code, sec. 663.) Consequently the buildings in question were personalty unless they were 'affixed to the land', for, obviously, only in that sense can they be brought within the above classification of real property. 'A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws.' (Civ. Code, sec. 660.) This section of the code is simply a rule for general guidance, concerning itself more with ultimate than with probative facts. Whether or not in any case a building is 'permanently resting upon' the soil so as to be deemed 'affixed to the land' within the meaning of the section remains a question of fact to be determined upon the evidence of that case. (*Pennybecker* v. *McDougal,* 48 Cal. 160; *Miller* v. *Waddingham,* 91 Cal. 377 [13 L. R. A. 680, 27 Pac. 750].) As a general rule, the intent of the parties is a controlling criterion in ascertaining whether property is permanently attached to the land or retains its identity as personalty; the character of the annexation to the land or other realty and the use made of the property are important considerations, but in most cases are subsidiarily employed for the purpose of testing the intention of the parties." (Citing cases.)

■ Among the things that should be taken into consideration in deciding such a question are the following: The character of the building and the manner of its construction; the presence or absence of customary methods of attaching to or embedding in the soil; the use to which the building is adapted and to which it has been put; and any expressed intent with regard to its permanence.

■ The record before us contains evidence to the effect that the building in question was of light construction; that it was placed on skids and hauled to the property now owned by the appellant; that no part of the building was embedded in the soil; that the cottage was placed upon 8x10-inch cement blocks about twelve inches long, the blocks being some seven or eight feet apart; that the blocks were laid on the surface of the ground; that the cottage was placed some fifteen or twenty feet from the main building on the property; that it contained no plumbing; and that it was not connected with anything else upon the property except for electric wires extending from it to a meter used in connection with the hotel building. There is also evidence that before placing this cottage upon the property being purchased by his wife the respondent husband informed the appellant that it was his intention to let it remain there temporarily, to be later removed by him to his ranch. It further appears that Mrs. Baggett had rented rooms in the building in its former location; that one or two roomers had been there for years and remained during and after its removal; and that her husband had informed the appellant that he proposed moving the building in order to make it more convenient for Mrs. Baggett to look after the rooms.

From this evidence the trial court was justified in finding and concluding that the cottage in question was to be used there temporarily, that there was no intention that it should remain and become a part of the realty, and that the same was not affixed to the land within the meaning of the statutes (Civ. Code, secs. 658, 660). The question of fact having been decided by the trial court upon sufficient evidence, the conclusion reached cannot be disturbed.

It may also be observed that the evidence, with the reasonable inferences therefrom, is sufficient to justify the con-

clusion that the appellant agreed in advance that the building might be removed.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.