[Civ. No. 3448. Fourth Dist. Nov. 6, 1946.]

HUGH A. ESTUS, Appellant, v. GEORGE E. WEBER, Respondent.

Fred J. Dudley for Appellant.

Head, Wellington & Jacobs for Respondent.

BARNARD, P. J.—This is an action for damages based on the removal of a small building from land owned by the plaintiff. The plaintiff purchased the land from the city of Newport Beach, his deed being dated January 2, 1945. It appears that the city of Newport Beach had acquired title to the land through a tax sale. Prior thereto, under some arrangement with the then owner, the building had been placed on this land, and for some 12 years it had been used, seasonally, as a "hot dog" stand. The purported ownership of the building, as distinguished from the land, had been transferred a number of times during these years and it was finally purchased by the defendant on May 1, 1945. The building was 7 feet by 12 feet in size and was made of corrugated sheet iron. No wood was used in its construction and there is evidence that it was worth from $15 to $20. The defendant removed the building from this land on May 29, 1945, and this action followed.

So far as material here, the complaint alleged that the defendant unlawfully removed this building, and "that the building so removed was attached to and a part of the land within the meaning of section 660 of our Civil Code." The answer denied these allegations and alleged that the plaintiff had no right to, or interest in, the building. After a trial, the court found that this building was not a part of the real property owned by the plaintiff, and further found that the defendant was the owner thereof and that he had a right to remove it from the premises. Judgment was entered accordingly and the plaintiff has appealed.

The appellant contends that the evidence is insufficient to support the findings above mentioned. The controlling question is whether this building was attached or affixed to the land in such a manner as to become a part of the realty, it having been incumbent upon the appellant to establish that fact.

It is well settled that the question whether a building has been affixed to and has become a part of real property is one of fact and is one dependent upon the peculiar circumstances of each case. (*Alderman* v. *Baggett*, 134 Cal.App. 501 [25 P.2d 532].) In that case it is said:

"Among the things that should be taken into consideration in deciding such a question are the following: The character of the building and the manner of its construction; the pres-

ence or absence of customary methods of attaching to or embedding in the soil; the use to which the building is adapted and to which it has been put; and any expressed intent with regard to its permanence.''

The intent of the parties is usually the controlling factor, and various matters may and should be taken into consideration for the purpose of ascertaining that intent. (*Gosliner* v. *Briones,* 187 Cal. 557 [204 P. 19].)

■ Applying these rules here it must be held that the evidence, with the reasonable inferences therefrom, is sufficient to support the findings made. There is evidence that this building which was, in fact, but a sheet-iron shell, was simply resting on a concrete slab near the entrance to a bath house, ''sitting on it like a sidewalk or entrance to a building''; that it was just sitting there and was not attached to the land by any bolts or anything at all; and that there was no fastening of the building to the property itself. Also, that sometime before the building was removed any plumbing which had been inside it had been disconnected.

The appellant testified that he had been long familiar with this building; that it had been used as a ''hot dog'' stand for a good many years; that it was resting on a concrete floor; and that ''the building was tied down to the property by water, gas, lights and sink and hot water heater.'' The statement that the building was thus ''tied down'' is but a conclusion, and the appellant made no effort to bring out the facts as to how water and gas had been brought into the building or how any former plumbing had been connected up, either to the building or to the land. It does appear that there were no double walls in this building and that the plumbing could not have been installed in the usual manner. If water and gas had been brought in through pipes laid underground they could well have been brought within the shell of the building without having been attached thereto in any manner. Assuming that the installation of plumbing fixtures in the usual manner would be a sufficient attachment of the building to the land to make it a part of the realty, there is no evidence here which would establish the requisite facts. Two pictures of the building, which are in the record, suggest the probability that better evidence of annexation to the land was not available.

Moreover, there was some evidence tending to indicate

that the appellant had knowledge that the building was owned by others and that he waived any rights thereto which he might otherwise have had. The appellant's testimony indicates that he knew the purpose for which this building had been used, and that he was familiar with the surrounding facts. In view of his general knowledge, his failure to testify with respect to facts usually brought out in such a case seems significant. The city clerk testified that he took part in the transaction by which the land was sold to the appellant; that, while he did not discuss the ownership of the building with the appellant prior to the sale, "it was the land only that was offered"; that shortly after the sale he asked the appellant if he would lease the land to a friend of his who owned the building; and that the appellant replied that he would be glad to talk to this friend about it. This friend testified that she then went to see the appellant and asked him if he wanted her to remove her fixtures; that he told her to let matters rest until around the first of April; that shortly after the first of April he came to her and asked her what she considered the building worth; and that he did not at any time tell her to get the building off the property. The evidence, as a whole, justifies the inference that the appellant knew that the building was owned by others, and that he waived any right to object to the fact that it was not removed at an earlier time.

The meager nature of the evidence on the appellant's part, together with the other evidence and inferences therefrom, justify the court's findings, and the decision on the controlling question of fact cannot be disturbed on appeal.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.