[Civ. No. 21440.   Second Dist., Div. One.   Mar. 7, 1956.]

SAM A. SAMPSON, Respondent, v. S. M. TANGYE et al., Defendants; HARRY STONER, Appellant.

Will H. Winston and Orly O. Davis for Appellant.

J. F. Marshall for Respondent.

DORAN, J.—The plaintiff herein, owner of certain real property in Tulare County, on July 30, 1951, purchased on conditional sale contract, four wind machines, three of which are involved in the present controversy. These wind machines, designed for the purpose of preventing frost damage to citrus fruits, were installed by the seller, National Frost Protection Company, on plaintiff's real estate, and were securely fastened to a concrete base by bolts embedded therein.

Several months thereafter, namely, on February 28, 1952, plaintiff sold the real property to defendant Tangye, who received possession of both the real property and the wind machines, plaintiff transferring all rights therein. As a part of the purchase price Tangye executed a promissory note and trust deed to plaintiff and agreed to keep up the payments on the conditional sale contract. Plaintiff Sampson assigned the trust deed and note to one Schneider who in turn transferred the same to the appellant Stoner. Thereafter, by reason of Tangye's default, Stoner foreclosed the trust deed and obtained title to the real estate. It is alleged in the complaint, and the trial court found that at the time of the assignment of the trust deed to Stoner, the latter "had constructive notice and knowledge of the said conditional sale contract and . . . that said wind-machines were not fixtures, but, on the contrary, were personal property owned by the said (seller) corporation."

In plaintiff's complaint for declaratory relief and for possession of the wind machines, it is alleged and the trial court found that at the time of the sale by plaintiff to Tangye, there was a balance due on said wind machines of $7,399.50, of which $3,699.75 was paid by Tangye, and that at the time of filing this action there was still due and unpaid upon the conditional sale contract, the sum of $3,699.75.

Subsequent to the transfer to Tangye but before the filing of action, and on February 17, 1954, plaintiff paid the balance due on the wind machine contract, and on March 29, 1954, plaintiff took an assignment of the conditional sale contract from the seller, National Frost Protection Company. Judgment was granted against both Tangye and Stoner for possession of the wind machines or the sum of $3,699.75; a money judgment in that amount was ordered against the defendant Tangye. The present appeal is by Stoner who had foreclosed the trust deed and obtained title to the real estate.

It is appellant's claim that "plaintiff has lost all of his right, title and interest in and to the wind machines by his

transfer to Tangye''; further, that ''Plaintiff being liable on the contract as a principal debtor could not take an assignment to himself but his payment of his own obligation extinguished and cancelled the contract and the purported assignment, which was purely an afterthought, was of no legal force or effect whatsoever.'' Appellant also insists that ''The wind-machines were securely fastened to a concrete base by bolts imbedded in said base, and . . . are fixtures and have therefore become a part of the realty. . . . Fixtures are a 'question of fact' and the facts stipulated to in this case certainly make them fixtures in every detail required by law.''

As stated in respondent's brief, ''plaintiff is not concerned with any differences as between the defendants alone. And, in considering the appeal of the defendant Stoner, it should be remembered that he had the wind machines, that they have not been paid for, and that Stoner had notice thereof when he acquired them.'' The principal point, ''as near as Respondent can make out, is that for some reason, in view of the findings, plaintiff is not entitled to a judgment against Stoner.''

An examination of the record indicates that the judgment rendered by the trial court is supported by the findings of fact; likewise, such findings are amply sustained by substantial evidence and stipulation of facts entered into at the pretrial hearing. Such being the case, and no reversible error being shown, an affirmance is in order.

So far as concerns the appellant Stoner, the situation appears to be that Stoner has possession of and claims to be entitled to hold the wind machines in question by reason of having foreclosed a trust deed covering real property upon which such machines had been placed by the conditional sale seller. This contention made by appellant is untenable.

As said in *Estus* v. *Weber*, 76 Cal.App.2d 724, 726 [173 P.2d 870], ''The intent of the parties is usually the controlling factor'' in ascertaining the nature of personal property which has been attached to realty, and ''various matters may and should be taken into consideration for the purpose of ascertaining that intent.'' In the instant case, considering the terms of the conditional sale contract under which the wind machines were sold, and all other circumstances connected with the transaction, it is a reasonable conclusion that the machines never lost the character of personalty, and that appellant Stoner must have had at least constructive notice of this fact.

Appellant's other contentions to the effect that plaintiff had lost all interest in the wind machines, and could not take an assignment of rights under the conditional sale contract, must, under the circumstances of this case, be deemed without merit. No decision has been pointed out in which, under comparable facts, such contentions have been sustained.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.