Elizabeth Melancon, Klemm, Blair, Sterling & Johnson, P.C., Agana, Guam, for defendants-appellees.

Bert and Maria ABRENILLA, Small Business Administration, Plaintiffs–Appellants,

v.

CHINA INSURANCE COMPANY, LTD., Chung Kuo Insurance Company, Ltd., Defendants–Appellees.

No. 88–1787.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 1989.

Decided March 20, 1989.

Before TANG, SKOPIL and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an action to recover the proceeds of a fire insurance policy after the destruction by fire of the insured structure. The insurance company defended on the ground that the plaintiff policy holders, Bert and Maria Abrenilla, had no insurable interest in the structure because they no longer owned the land on which the structure had rested. The case went to the jury on the issue of whether the Abrenillas retained an insurable interest in the structure because it was personalty. The jury returned a verdict of $15,500 in favor of the Abrenillas.

On appeal to the Appellate Division of the District Court of Guam, the Appellate Division reversed on the ground that there had been no triable issue of fact. The Appellate Division ruled that since the structure was bolted to a concrete foundation, it was a fixture as a matter of law. The court reasoned that because the Abrenillas had no interest in the real property, they had no insurable interest in the structure.

Guam Civ.Code § 1013 (1970) provides as follows:

When a person affixes his property to the land of another, without an agreement permitting him to remove it, the thing affixed ... belongs to the owner of the land, unless he chooses to require the former to remove it.

Guam Civ.Code § 660 (1970) provides that:

A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws.

Both statutes were modeled on identical California statutes, *see* Cal.Civ.Code §§ 660, 1013 (West 1982), and California law is clear that whether a piece of property is a fixture is a question of fact. *Gosliner v. Briones*, 187 Cal. 557, 559–60, 204 P. 19, 20 (1922). Whether an article is a fixture depends upon the manner of its annexation, its adaptability to the purpose for which the realty is used, and the intention of the party making the annexation. *Simms v. Los Angeles County*, 35 Cal.2d 303, 309, 217 P.2d 936, 940, *cert. denied* 340 U.S. 891, 71 S.Ct. 207, 95 L.Ed. 646 (1950).

In this case there was evidence in the record from which the jury could have concluded that the structure was not permanently affixed to the land. Mrs. Abrenilla testified that the building was not attached directly to the ground but was bolted to concrete pillars, and could be moved by removing the bolts and pulling the house out on a trailer. The jury could have reasonably found that the building was not permanently affixed to the land. The mere erection of a building upon land does not necessarily make it a fixture. *Miller v. Waddingham*, 91 Cal. 377, 379, 27 P. 750, 751 (1891); *see also Estus v. Weber*, 76 Cal.App.2d 724, 726, 173 P.2d 870, 871 (1946) (small building which rested on a concrete slab and was not fastened to the land or the property was not a fixture); *Gosliner*, 187 Cal. at 564–65, 204 P. at 23 (1922) (five room dwelling house and large windmill erected upon heavy wood mudsills placed upon the surface of the ground, but not firmly imbedded in the soil, were not fixtures).

The jury was properly instructed that it had to find that the building was permanently attached to the land in order to find that it had become the property of the landowner, and the jury subsequently returned a verdict for the Abrenillas. The trial court did not err in entering judgment in favor of the plaintiffs. The judgment of the Appellate Division is accordingly REVERSED and REMANDED for the purpose of reinstating the judgment of the trial court.