**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-80

UNITED STATES TAX COURT

MARYANNE OXFORD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20347-11S.                     Filed August 25, 2014.

Maryanne Oxford, pro se.

Priscilla A. Parrett, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge: This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated June 7, 2011 (notice), respondent:  (1) determined a $6,500 deficiency in petitioner's 2009 Federal income tax; (2) imposed a $135 section 6651(a)(1) addition to tax; and (3) imposed a $1,300 section 6662(a) accuracy-related penalty.  The issues for decision are whether petitioner is entitled to the first-time homebuyer tax credit (FTHBC), and if not, whether she is liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found.  At the time the petition was filed, petitioner resided in Kansas.

Years before the year in issue, petitioner was employed by Lockheed Martin Corp. (Lockheed) in Palmdale, California.  She lost her job there sometime during 1991; shortly thereafter she moved to Wichita, Kansas, and began employment with Boeing Aircraft Co. (Boeing).  Petitioner has family connections in Wichita; 4 of her children and 11 of her grandchildren live there.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period.  Rule references are to the Tax Court Rules of Practice and Procedure.

In 1998 petitioner purchased a house in Wichita that she used as her residence until she was forced to sell it in October 2004 because of another period of unemployment. After selling that house, she placed her furniture in storage and moved in with her daughter.

In 2005 petitioner was offered and accepted a new job at Lockheed, again in Palmdale, California. She started her new job on or about April 26 of that year while still living with her daughter in Wichita. Petitioner's new position with Lockheed required her to travel not only to Palmdale, California, but to Texas and Georgia as well. None of her Lockheed assignments required her to be present in Wichita. Lockheed reimbursed petitioner for expenses incurred to travel to Texas and Georgia; however, expenses petitioner incurred to travel back and forth between Wichita and California were not reimbursed because Lockheed considered Palmdale, California, to be her post of duty.

In April 2007 petitioner purchased a membership with Thousand Trails R.V. Park in Palmdale, California (Park). In May 2007 she purchased a fifth-wheel trailer (trailer) that she placed on a lot at Park; she lived in the trailer while working in California. Utilities, such as electricity, water and sewerage that serviced the trailer were provided by Park as part of the membership fee. In accordance with Park rules, petitioner moved the trailer to a different lot in Park at

least once every six months. Petitioner also kept a car in Palmdale. Her car and the trailer were registered in California. She maintained a post office box near Park.

In March 2009, while still employed at Lockheed, petitioner contracted with a builder to construct a house at 14001 West Texas Circle, Wichita, Kansas (Circle property). She moved into that house and began using it as her residence in November 2009.

For at least 2007 through 2009, petitioner filed California State income tax returns. She used a California address on all her Federal income tax returns filed after at least 2006. For at least tax years 2007 through 2009, all third-party information returns (e.g., Forms W-2, Wage and Tax Statement, and Forms 1099-G, Certain Government Payments) issued to petitioner were issued with a California address.

Although petitioner's principal place of employment was in Palmdale, California, she spent considerable time in Kansas during the three years preceding the purchase of the Circle property. When in Kansas, she lived with her daughter in a mobile home in Wichita. She did not file Kansas State income tax returns for 2006 through 2009.

Petitioner's 2009 Federal income tax return was timely filed on July 9, 2010 (original return). The original return includes a Form 5405, First-Time Homebuyer Credit and Repayment of the Credit. According to a checkmark placed in a box on the Form 5405, petitioner claimed a $6,500 FTHBC as a "long-time resident." See sec. 36(b)(1)(D).

In August 2010 respondent began an examination of petitioner's original return. Petitioner's entitlement to the FTHBC came into question. In January 2011, while the examination of the original return was still ongoing, petitioner submitted a Form 1040X, Amended U.S. Individual Income Tax Return, for 2009 (amended return). The amended return also includes a Form 5405. On that Form 5405 petitioner checked the box for "first-time homebuyer" instead of "long-time resident". Petitioner claimed a $1,500 refund on the Form 5405 included with the amended return, which is the difference between the maximum amount of an FTHBC allowable to a "first-time homebuyer" and the maximum amount of an FTHBC allowable to a "long-time resident". See sec. 36(b).[2]

---

[2]The "purchase price" of the Circle property would allow for the maximum credit either way.

As relevant here, in the notice respondent determined that petitioner did not qualify as a "first-time homebuyer" for purposes of the FTHBC claimed on the amended return because of her ownership interest in and use of the trailer during the three-year period preceding the date of purchase of the Circle property. If only by implication, the notice also determined that petitioner did not qualify for the FTHBC claimed on her original return because she failed to establish she had fit within the definition of a "long-time resident", and the deficiency here in dispute results from the disallowance of the FTHBC claimed on the original return. In the notice respondent also imposed a section 6662(a) accuracy-related penalty on several grounds, including "[n]egligence or disregard of rules or regulations" and "substantial understatement of income tax."

## Discussion

As petitioner views the matter, she qualifies for the FTHBC claimed on her original return either as a "first-time homebuyer" or as a "long-time resident". According to respondent, she does not qualify for the FTHBC here in dispute on either ground.

Generally, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that

those determinations are erroneous.[3]  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Moreover, credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any credit claimed.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Segel v. Commissioner, 89 T.C. 816, 842 (1987).

Section 36(a) allows a credit for a first-time homebuyer of a principal residence.  A first-time homebuyer is any individual who had no present ownership interest in a principal residence during the three-year period ending on the date of the purchase of the principal residence in question.  Sec. 36(c)(1); Foster v. Commissioner, 138 T.C. 51, 53 (2012).  When the taxpayer constructs a residence, the date of purchase of the residence is "the date the taxpayer first occupies such residence."  Sec. 36(c)(3)(B).  In this case, the "date of purchase" is established by the date petitioner moved into the house she had constructed on the Circle property, i.e., a day in November 2009.

---

[3]Petitioner does not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

The Worker, Homeownership, and Business Assistance Act of 2009, Pub. L. No. 111-92, sec. 11(b), 123 Stat. at 2989, amended section 36(c) by adding a new paragraph (6), which provides:

> Exception for long-time residents of same principal residence.--In the case of an individual (and, if married, such individual's spouse) who has owned and used the same residence as such individual's principal residence for any 5-consecutive-year period during the 8-year period ending on the date of the purchase of a subsequent principal residence, such individual shall be treated as a first-time homebuyer for purposes of this section with respect to the purchase of such subsequent residence.

We first consider whether petitioner was a "first-time homebuyer" within the meaning of section 36. According to respondent, she was not.

Respondent points to her ownership interest in the trailer that she used while working in California. According to respondent, the trailer was her "principal residence" during the three-year period ending on the date of the purchase of the Circle property and her ownership interest in the trailer disqualifies her from the FTHBC she now claims. Petitioner acknowledges her ownership interest in the trailer but argues it was not her "principal residence" during the relevant period. Instead, according to petitioner, her principal residence was her daughter's mobile home in Wichita.

Before considering the dispute between the parties on the point, we address a more fundamental question, that is, whether the trailer fits within the definition of a "principal residence" as used in section 36.

For purposes of section 36, the term "principal residence" has the same meaning as when used in section 121. See sec. 36(c)(2). For purposes of section 121, principal residence is defined in section 1.121-1(b)(2), Income Tax Regs., which provides, as relevant here, that the taxpayer's principal residence is the property the taxpayer uses during most of the year. However, "[p]roperty used by the taxpayer as the taxpayer's residence does not include personal property that is not a fixture under local law." Sec. 1.121-1(b)(1), Income Tax Regs.

At all times relevant, the situs of the trailer was California; California law, therefore, is the "local law" that controls. Under California law "personal property" is defined as every kind of property that is not real property. See Cal. Civ. Code secs. 14, 663 (West 2007). Real property under California law includes: (1) land; (2) that which is affixed to land; (3) that which is incidental or appurtenant to land; and (4) that which is immovable by law. See id. sec. 658.

Cal. Civ. Code sec. 660 (West 2007) defines a fixture as follows:

A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws; except that for the purposes of sale, emblements, industrial growing crops and things attached to or forming part of the land, which are agreed to be severed before sale or under the contract of sale, shall be treated as goods and be governed by the provisions of the title of this code regulating the sales of goods.

Whether a mobile home, a trailer, or a similar item used as a residence is considered affixed to the land upon which it is situated depends upon all the facts and circumstances of the particular case and is determined both "by the manner in which the article is annexed to the realty" and "by the relationship between" the owner of the "article" and the owner of the "realty". See Taylor v. Heydenreich, 207 P.2d 599, 601 (Cal. Dist. Ct. App. 1949); Estus v. Weber, 173 P.2d 870, 871 (Cal. Dist. Ct. App. 1946).

Several factors are examined in determining whether an article has been affixed to land, including "[t]he character of the building and the manner of its construction; the presence or absence of customary methods of attaching to or embedding in the soil; the use to which the building is adapted and to which it has

been put; and any expressed intent with regard to its permanence." Alderman v. Baggett, 25 P.2d 532, 533 (Cal. Dist. Ct. App. 1933).

Applying these factors to the facts and circumstances of this case, we find that the trailer was not "affixed" to the land in Park within the meaning Cal. Civ. Code sec. 660. Although the trailer was connected to utility services provided by Park, it was not permanently attached to the land; i.e., there was neither a permanent nor temporary foundation upon which the trailer rested. Instead the trailer's wheels remained in place and supported the trailer. Furthermore, petitioner was required to move and did move the trailer at least once every six months while it was located in Park.

Accordingly, we find that petitioner's trailer is not a "principal residence" within the meaning of section 1.121-1(b)(1), Income Tax Regs., and therefore, not a principal residence for purposes of section 36. Her ownership interest in the trailer, therefore, was not an "ownership interest" in a "principal residence" during the three-year period preceding the "purchase date" of the Circle property. It follows that with respect to the Circle property, she is a first-time homebuyer within the meaning of section 36 and entitled to the FTHBC claimed on the amended return.

Our finding in this regard makes it unnecessary to decide whether petitioner also qualifies for the credit as a "long-time resident". It also follows that petitioner is not liable for a section 6662(a) accuracy-related penalty.

To reflect the foregoing,

Decision will be entered

under Rule 155.
